**SAN SABA NAT. BANK OF SAN SABA v. PARKER et al.**

No. 8734.

Court of Civil Appeals of Texas. Austin.

Sept. 28, 1938.

Rehearing Denied Oct. 26, 1938.

N. C. Walker, of San Saba, for appellant.

No briefs filed for appellees.

BAUGH, Justice.

The sole question presented on this appeal is whether or not appellant, plaintiff below, "commenced and prosecuted" its suit against appellee with such diligence as to toll the four-year statute of limitation as applied to that defense to plaintiff's cause of action pleaded by appellee herein. The trial court found as a fact that it did not, and rendered judgment in favor of defendant on his plea of limitation accordingly; from which judgment this appeal is prosecuted.

The following facts appear: This suit was filed by the bank against J. M. and J. D. Parker, on October 8, 1936, upon a promissory note executed by the Parkers, which matured on October 12, 1932. Citation thereon was issued on that date, returnable on October 19, 1936, and placed in the hands of the sheriff for service. Plaintiff's attorney learned upon return date that process had not been returned by the sheriff, and had the case continued for service at the next term of court, which was to convene on April 20, 1937. Sometime about March 1, 1937, plaintiff's attorney called the district clerk by telephone with reference to service on the defendants, and was informed by the clerk that the original citation had been returned to the clerk's office, showing service on both defendants. On April 20th, when the case was called, plaintiff's attorney then discovered that the service on J. D. Parker for the October term, 1936, had not been had until February 24, 1937, and again asked that the case be continued to the next term of court, which met in October, 1937, for service of process on the defendants. Nothing further was done in the matter until September 7, 1937, when, at the request of plaintiff's attorney, new process was issued to be served upon the defendants for the October, 1937, term.

When the case was called, appellee, J. D. Parker, presented his plea of limitation to said suit, alleging that the facts and circumstances hereinabove outlined did not constitute diligence in the prosecution

of such suit within the meaning of Art. 5527, R.S., so as to toll the running of the four-year statute of limitation. His plea was sustained by the trial court. In this connection, the trial court found in its findings of fact, as follows: "I further find that the plaintiff nor its said attorney, N. C. Walker, used due diligence in the prosecution of this suit from and after the 20th day of April, A. D. 1937, up to the 7th day of September, A. D. 1937, in that the plaintiff did not use the diligence that an ordinarily prudent person would have used under the same or similar circumstances, in failing to have citation issued and placed in the hands of the sheriff or any constable of San Saba County, Texas, for service on the defendant, J. D. Parker, at once after the 20th day of April, A. D. 1937. And that plaintiff and its said attorney, N. C. Walker, did not prosecute said suit with due diligence from April 20, 1937, up to September 7, 1937, and further, that such failure constituted negligence; and that the statute of limitation was not tolled."

The question as to what constitutes diligence in the prosecution of a suit after it is filed, so as to toll the running of the statute of limitation, has been frequently before the courts. The rule is stated generally with citation of numerous cases in support thereof in 28 Tex.Jur., § 100, p. 193. As announced by Judge Gaines in Ricker, Lee & Co. v. Shoemaker, 81 Tex. 22, 16 S.W. 645, this rule is as follows [page 647]: "Not only must the initial step required by the statute be taken, but there must also be a bona fide intention that the process shall be served at once upon the defendant."

This rule has been adhered to in numerous cases, reaffirmed by the Supreme Court in Owen v. City of Eastland, 124 Tex. 419, 78 S.W.2d 178, and is now established as a settled rule of decision in this state. Unless it can be said that, under undisputed facts, as a matter of law diligence is shown, the issue of diligence is one of fact to be determined by the trial court or by the jury. Meyer v. Pecos Mercantile Co., Tex.Civ.App., 47 S.W.2d 435; Morgan v. Hardy, Tex.Civ.App., 57 S.W.2d 204; Morgan v. Smart, Tex.Civ. App., 88 S.W.2d 769.

In view of the fact that the defendant at all times lived in San Saba County, near the town of San Saba; that both the plaintiff and its attorney resided in San Saba where the court sat; and the fact that the plaintiff or its attorney could at any time have ascertained any pertinent facts, or had service of process on the appellee promptly; and that appellee at no time sought to escape service in any manner, nor did anything to prevent prompt service of process upon him; and in view of the facts known to appellant's attorney not only prior to April 20, 1937, but which were made known to him at that time, we are not prepared to say that no fact issue as to what constituted diligence on the part of plaintiff's attorney in the premises was presented for the trial court to determine. Likewise, having been determined by the trial court against the appellant, we are not prepared to say that under the facts and circumstances above set out and shown upon the hearing of this issue, there was not competent evidence to sustain the trial court's finding in this regard.

It follows, therefore, that the trial court's judgment should be affirmed, and it is so ordered.

Affirmed.