SAN SABA NATIONAL BANK OF SAN SABA, TEXAS, V. J. D. PARKER.

No. 7511.   Decided June 12, 1940.
(140 S. W., 2d Series, 1094.)

*N. C. Walker,* of San Saba, for plaintiff in error.

The trial court having found that plaintiff had prosecuted his suit with due diligence up to and including the 20th day of April, 1937, the failure of plaintiff to have citation issued between that day and the 7th day of September, 1937, was insufficient to convict plaintiff of negligence in the prosecution of his suit. North Texas Traction Co. v. Smith, 223 S. W. 1013; Austin, Banking Comr., v. Proctor, 291 S. W. 702; 10 R. C. L. 872.

*James H. Baker,* of San Saba, for defendant in error.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

This suit was instituted in the District Court of San Saba County by San Saba National Bank of San Saba as plaintiff. It will be so designated in this opinion. The suit was against J. M. Parker and J. D. Parker as defendants. J. D. Parker is the only defendant remaining, and will be so designated here.

The sole question for decision is one of limitation. The note sued upon matured on October 12, 1932. Plaintiff filed suit on October 8, 1936, and on the same date caused citation to be issued and placed in the hands of the sheriff. This citation was returnable October 19, 1936, for the October term of that year. On that date the attorney for plaintiff learned that service had not been completed, and requested that the case be continued to the April 1937 term. About March 1, 1937, the attorney called the district clerk by telephone and was advised that service had been had upon both defendants. On April 20, when the case was called, the attorney discovered that service on J. D. Parker for the October term, 1936, had not been had until February 24, 1937. He thereupon again asked that the case be continued for service to the October term, 1937. On September 7, 1937, citation was duly issued and served, all of which was in time to bring the defendant into the October term, 1937. At this term defendant pleaded limitation on the ground that plaintiff had not been diligent in the issuance and service of process. The trial court made a holding to this effect, which was affirmed by the Court of Civil Appeals. 120 S. W. (2d) 473.

The trial court filed findings of fact, among which was included a finding that up to and including April 20, 1937, plaintiff used diligence in the prosecution of the suit, and such finding also contained the further finding that there had been no negligence on the part of the plaintiff in the prosecution of the suit to that date. The court further found that the attorney in charge of the prosecution of the case acted in the honest belief that after causing the case to be continued for service on April 20, 1937, the issuance and service of citation on the defendant at any time sufficient to bring him into the October term of the court would constitute diligence in the prosecution of the case, and was of the opinion that the issuance of citation on September 7, 1937, which was placed in the hands of the sheriff and duly served, constituted diligence in the prosecution of the suit. Although making this finding, the trial court made a finding that the attorney did not use diligence in the prosecution of the suit from April 20, 1937, to September 7, 1937. It will be noted, however, that this finding is a mere conclusion based solely on the fact that during that period the attorney did nothing. It is plain, however, that there was nothing which he could have done which would have more effectively brought the defendant into court at the October term than was done on September 7, 1937.

■■ It is of course settled that in addition to filing suit within the statutory period, there must be a bona fide intention on the part of plaintiff to obtain service and prosecute the suit with effect, in order that the statute of limitation may be avoided. We have in this case the clearest evidence of an intention to prosecute the case with effect by the issuance of citation immediately after the filing of petition, the placing of same in the hands of the sheriff, and by proper inquiry made of the clerk within due time. The trial court found that the attorney for plaintiff used diligence up to April 20, 1937. It occurs to us that there is absolutely no evidence indicating an intention on the part of the attorney to then abandon the prompt and effective prosecution of the suit, but he unqualifiedly entertained the intention to reduce the case to judgment, as soon as it could possibly be done in accordance with the terms of the court. The case was continued for service, and mere failure to ask for a citation, which in no event could have become more effective than the one which was issued on September 7, 1937, is not sufficient evidence to indicate negligence or an intention not to prosecute the suit to effect within a reasonable time.

We have therefore concluded that the statute of limitation could not be properly interposed as a defense to this action.

3 It appears that defendant merely .filed a general denial, and offered no special defense to this indebtedness. He filed no brief in the Court of Civil Appeals or in this Court. It is therefore apparent that his whole case rests upon the plea of limitation. Consequently, he has wholly failed to show that he was in any manner injured or deprived of the privilege of making any proper defense merely by the delay in issuing citation from April 20th to September 7th. We think this is a circumstance tending to indicate that there was no lack of proper diligence on the part of the plaintiff as to the prosecution of its action.

Judgment of the Court of Civil Appeals and of the district court are reversed, and the cause is remanded to the district court with instructions that judgment be entered in favor of plaintiff as prayed for.

Opinion adopted by the Supreme Court June 12, 1940.