O. S. FRAZIER et al., Appellants,

v.

GLENS FALLS INDEMNITY COMPANY,
Appellee.

No. 15610.

Court of Civil Appeals of Texas.

Fort Worth.

April 15, 1955.

Rehearing Denied May 13, 1955.

Marvin B. Simpson, Fort Worth, for appellant George B. New.

Charles C. Peters, Jr., and (on appeal) Ernest May, Fort Worth, for appellant O. S. Frazier.

Crowley, Wright, Miller & Garrett, S. A. Crowley and John B. Garrett, Fort Worth, for appellee.

MASSEY, Chief Justice.

The Glens Falls Indemnity Company obtained a summary judgment decreeing its non-liability and release from any responsibility under an automobile liability insurance policy as result of breach of condition by its insured. The insured, George W. New, and the injured third person, O. S. Frazier, bring the appeal.

Judgment reversed. Cause remanded for trial on the merits.

Frazier is New's father-in-law. Frazier was injured and his wife killed as result of an automobile accident claimed to be the fault of New.

The question to be resolved on the appeal is whether the evidence produced on the summary judgment hearing was sufficient to establish as a matter of law the fact of New's breach of a provision of the policy of insurance which was a condition precedent to the Company's liability thereunder. The policy provision claimed to have been breached reads as follows:

"*Assistance and Cooperation of the Insured—The insured shall cooperate with the company* and, upon the company's request, shall attend hearings and trials and shall assist in effecting settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of suits. The insured shall not, except at his own cost, voluntarily make any payment, assume any obligation or incur any expense other than for such immediate medical and surgical relief to others as shall be imperative at the time of accident." (Emphasis ours.)

The clause is commonly referred to as the "cooperation clause". The part we have emphasized is material here. The Company instituted its suit for declaratory judgment (i. e., to obtain an adjudication of the breach of contract question in the determination of its responsibilities under the policy) at a time when Frazier's damage suit had not been filed, though claim for damages had been presented. The part of the clause without emphasis is therefore not involved.

Cases involving the cooperation clause in liability insurance policies have been the subject of detailed annotation.

See 72 A.L.R. 1457, supplemented in 98 A.L.R. 1470, and 139 A.L.R. 784; 34 A.L.R. 2d 266. See also Witt v. Universal Automobile Ins. Co., Tex.Civ.App., Waco, 1938, 116 S.W.2d 1095, writ dismissed; Automobile Underwriters' Ins. Co. v. Long, 1933, Tex.Com.App., 63 S.W.2d 356. Determination of what constitutes a breach of the cooperation clause of a liability policy is usually a question of fact. However, circumstances are possible of demonstration justifying courts in holding breach of the clause as a matter of law.

█ Since the Insurance Company applied for and obtained a summary judgment, the trial court necessarily held that in this case there was a breach of the cooperation clause as a matter of law. The holding necessarily included the finding that no conclusion from the evidence to the contrary of that reached by the trial judge could be drawn by any reasonable minded person.

█ . Neither the Company's pleadings nor its motion for summary judgment specified any particular act or omission contended to amount to a breach. No exception was brought forward to the "all-embracing" character of allegation, so we are obliged to consider every occurrence, singularly and collectively, in a test of whether the proof compelled the holding of the trial court. The exhibits attached to the Company's motion included the depositions of New, Frazier, and Mrs. New. These depositions were taken by the Company after filing the suit for declaratory judgment, but before moving for summary judgment. Also attached were some letters to the Company from New, and from an attorney representing New, all of which were prepared by the attorney and two of which demanded that the Company settle the Frazier claim, a letter to the Company from the same attorney—as counsel for Frazier in a claim for damages against New, and some signed statements relative to the facts of the accident by Mr. and Mrs. New.

These statements were prepared by the foregoing attorney after he became counsel for Frazier in his claim against New. While coming short of an outright admission of liability, the statements detail facts, which, if admitted under oath by New and his wife in the course of trial of a damage suit against them by Frazier, would likely support fact findings convicting New of liability for Frazier's damages, even in view of the Texas Guest Statute.

New and wife and Frazier and his wife were en route to their homes in Fort Worth on date of Sunday, December 20, 1953. Mr. and Mrs. Frazier were the parents of Mrs. New. While on the highway in Hill County, a front tire blew out, and New lost control of the car. The car left the highway and struck a tree. Mrs. Frazier sustained fatal injuries. The others received injuries which hospitalized them, Frazier's injuries being the most serious.

██ In a summary judgment proceeding, credence will be given the testimony most favorable to the party against whom the judgment is sought. Evidence to the contrary will be disregarded. In the present instance, all the evidence is uncontradicted. All of it will be accepted as true. With this done, we must accept as true the contents of the statements Mr. and Mrs. New gave to the attorney. By the statements is established the fact that immediately prior to the time of the accident New was driving at a very high rate of speed in complete disregard of the protests of Mr. and Mrs. Frazier; that by reason of such speed he lost control of the car when the tire blew out; that the accident resulted, killing Mrs. Frazier and injuring Frazier.

█ About one week after the accident, and while he was still in the hospital, New had given an oral statement of the facts of the accident to the Company's insurance adjuster. This statement was presumably reduced to writing by the adjuster and presented to New for his signature, and he failed or refused to sign it. The contrary not having been made to appear by the evidence, we shall consider the oral statement made by New to have been a full, fair and frank disclosure of all the information reasonably needed by the Company in the defense or settlement

of any claim which might be presented against its insured, in discharge of the affirmative duty incumbent upon New perforce the cooperation clause. We should not consider that the writing, prepared by the adjuster and presented to New for signature, contained statements identical to the oral statements New had made, for that was not shown, and the presumption in a summary judgment case would be in favor of the person against whom judgment was sought until it is overcome by proof. We must therefore presume that New's failure and refusal to sign the writing was reasonable and justified under the circumstances, the Company not having discharged its burden to prove the contrary and such proof being requisite in a summary judgment case. Of course, there might have been other circumstances existent which justified New's refusal to sign his name.

 Besides the affirmative duty on the part of New to make a full, frank and fair disclosure of the facts, he owed certain negative duties to the Company. He was obliged to refrain from any fraudulent or collusive act which might operate as a means of prejudice to the Company in the conduct of the defense against, or settlement of, the claim Frazier made against him. Cooperation with Frazier would not constitute a breach of the cooperation clause of the policy so long as fraud played no part therein.

 New desired that Frazier collect the greatest possible amount from the Company. This state of mind constituted no breach of contract. New could cooperate with Frazier and the Company at one and the same time. Cooperation with the one would not necessarily foreclose cooperation with the other. The making of statements to Frazier by New was proper if they were true statements. Even had they been false, no breach would be involved absent some prejudice to the Company. New's demands upon the Company to settle Frazier's claims were proper demands if made in good faith. This is true even though it were conclusive that because thereof the Company's interests were actually prejudiced. Fraud or collusion must be a factor, and prejudice must result.

Shortly after the occurrence of the accident, New employed an attorney to represent him and advise him in connection with the policy of insurance. Frazier subsequently employed the same attorney to prosecute his claim for damages against New. It was after the attorney became counsel for Frazier that New gave him the statements of himself and his wife, and accepted his aid and assistance in writing letters, etc., to the Company demanding that it settle the claims of Frazier.

 Even when we assume that the attorney in question represented both New and Frazier at one and the same time, whereby inconsistency in the attorney's position would appear,—we do not perceive where inconsistency would be the only possible conclusion,—or even if it should be, that fraud or collusion was necessarily involved on the part of New and Frazier in respect to the means whereby they hoped to "open the till" of the Company for the benefit of Frazier.

■ Under the circumstances of this case, whether there has been a breach of the cooperation clause would be an ultimate conclusion to be drawn from the evidence, there being no dispute in the evidence. Where such an ultimate conclusion would not necessarily be the only conclusion possible to be made from the same evidence by reasonable minds, the conclusion would be a conclusion of fact and not of law. See 36 Tex.Digest, Trial, We believe that the conclusion reached by the trial judge in this case was one of fact, for we believe that reasonable minds might differ in the ultimate conclusion to be drawn from the evidence. That being true, and the fact being determinative of breach, New and Frazier are entitled to have the facts tried. Conclusions of fact, if ultimate and determinative, are to be made by the trier of facts, who does not function in summary judgment proceedings. Therefore, the summary judgment in this case was improperly entered.

Judgment is reversed, and the cause remanded for a trial on the merits.