FIDELITY & CASUALTY COMPANY OF
NEW YORK, Plaintiff,

v.

Qually GRIFFIN et al., Defendants.

Civ. A. No. 2496.

United States District Court
S. D. Texas,
Galveston Division.

May 5, 1959.

Vinson, Elkins, Weems & Searls, Gaius G. Gannon, Jr., Houston, Tex., for plaintiff.

Smith & Lehmann, M. A. Lehmann, and Weldon H. Berry, Houston, Tex., Sidney J. Brown, Rosenberg, Tex., and Walton S. Roberts, Richmond, Tex., for defendants.

CONNALLY, District Judge.

This is a declaratory judgment action in which the insurer seeks a determination of its duties and obligations under an automobile liability policy. Defendants are the insured, and third-party claimants.

Federal jurisdiction is based on diversity of citizenship, the insurer being a citizen of New York, and each of the defendants being a citizen of this State. The jurisdictional amount is sufficient.

The facts, largely without dispute, are these. The plaintiff, Fidelity & Casualty Co. of New York, issued its automobile liability policy to the defendant Arthur White, the owner of the vehicle in question, and the "named insured". On July 28, 1957, the policy then being in force and effect, the insured vehicle was involved in a collision with a motor scooter ridden by two minors, Griffin and Richardson, likewise defendants here. When the investigating officers arrived at the scene of the collision, White was present. He stated that he was driving the vehicle at the time of the collision, and purported to give the details of the accident. White notified Fidelity of the collision promptly, and gave a statement to the effect that he had been operating the vehicle. White was charged with the offense of aggravated assault by reason of the collision and resulting injuries to the minors, to which charge he entered a plea of guilty.

In December, 1957, White was named defendant in an action in the State court by the minors, Griffin and Richardson, for damages resulting from this collision. White notified Fidelity of the suit, and Fidelity employed attorneys to represent him. The attorneys so employed actively undertook White's defense.

On February 28, 1958, White was required by opposing counsel in the State court proceeding to give his testimony by deposition. While en route to the appointed place, and in company with his attorney (provided by Fidelity under its policy obligation), White stated that in truth he, White, was not driving the vehicle at the time of the collision, and was not present; that in fact it had been driven, with White's permission and consent, by one Arthur Lee Felder, White's 14 year old nephew, who had no driver's license. White stated that he learned of the collision immediately (being no great distance away), and hastened to the scene. As no third persons had arrived, and as the injured parties had not yet regained consciousness, in order to protect young Felder for driving without a license (and perhaps himself for having permitted it) White assumed responsibility.

White's deposition was taken as scheduled, and on advice of his counsel he testified to the facts just stated, which he affirmed as constituting the truth. One week thereafter, Fidelity instituted this declaratory judgment proceeding.

It is the insurer's position that both White and Felder, to whom it normally would owe the obligation to defend, violated the notice provision [1] as well as the cooperation clause [2] of the policy. The notice provision requires not only notice that an accident has occurred, but that information as to the circumstances

---

[1] "3. *Notice.* In the event of an accident, occurrence or loss, written notice containing particulars sufficient to identify the insured and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of the injured and of available witnesses, shall be given by or for the insured to the company or any of its authorized agents as soon as practicable. * * * "

[2] "5. *Assistance and Cooperation of the Insured—Parts I and III.* The insured shall cooperate with the company and, upon the company's request, attend hearings and trials and assist in making settlements, securing and giving evidence,

thereof, names of witnesses, etc., be furnished. The plaintiff contends that the notice which it received, containing false information, deliberately made, did not comply. Defendants contend that notice of the accident is enough; and that falsity in the one particular as to the driver of the insured vehicle does not vitiate the policy.

Regarding the cooperation clause, requiring cooperation of the insured, assistance in preparing for trial, effecting settlements, etc., plaintiff contends this was breached by the long-continued failure of White and Felder to come forward with the truth. The defendants, on the other hand, contend that no harm or damage was suffered by plaintiff by reason thereof, and that proof of damage is necessary before a breach of the cooperation clause relieves the insurer.

■ The plaintiff is clearly right in both respects. Notice of an accident containing a deliberate and willful misstatement as to one of the circumstances of controlling importance, is no notice at all. Implicit in the contractual obligation of the assured to give notice, is the condition that the notice be honest and truthful (Hoffman v. Labutzke, 233 Wis. 365, 289 N.W. 652).

■■ Similarly, such deceit, continued for a period of seven months following the accident, constitutes a breach of the cooperation clause. Under Texas authorities, such a breach must be substantial and material before the insurer is relieved (Universal Automobile Ins. Co. v. Culberson, Tex.Com.App., 126 Tex. 282, 86 S.W.2d 727, 87 S.W.2d 475; Century Lloyds v. Barnett, Tex.Civ.App., 259 S.W.2d 768; Automobile Underwriters' Ins. Co. v. Long, Tex.Com.App., 63 S.W. 2d 356).

I find the instant breach to have been of that nature. Conduct of the two assureds, which was designed to cause the insurer to defend the State court proceeding under a complete misapprehension of a highly important fact, can hardly be characterized as insubstantial; nor is the identity of the driver an immaterial matter.[3]

The instant case is to be distinguished from those where (a) a false statement of this nature is first given, but then promptly corrected (General Accident Fire & Life Assur. Corp. v. Rinnert, 5 Cir., 170 F.2d 440; Rowoltd, for Use of Flanagan v. Cook County Farmers Mutual Ins. Co., 305 Ill.App. 93, 26 N.E.2d 903; Pacific Indemnity Co. v. McDonald, 9 Cir., 107 F.2d 446, 131 A.L.R. 208), and (b) from those cases where the alleged falsity was not fraudulent, but where the assured's version contained unduly exculpatory statements (Marley v. Bankers' Indemnity Ins. Co., 53 R.I. 289, 166 A. 350; Guerin v. Indemnity Ins. Co. of North America, 107 Conn. 649, 142 A. 268; Albert v. Public Service Mutual Casualty Ins. Co., 292 N.Y. 633, 55 N.E.2d 507).

■ The defendants contend that plaintiff must prove damage before it may be relieved of its policy obligation. Where the insured fails to comply with the notice provisions, the insurer may be relieved without such proof. Compliance with the provisions for notice is a condition precedent to the insured's recovery; and relieves the insurer despite the fact that it may have had actual notice promptly from some other source (Klein v. Century Lloyds, 154 Tex. 160, 275 S.W.2d 95). There is substantial authority that failure to cooperate does not relieve the insurer unless it be prej-

obtaining the attendance of witnesses and in the conduct of suits. The insured shall not, except at his own cost, voluntarily make any payment, assume any obligation or incur any expense other than for such immediate medical and surgical relief to others as shall be imperative at the time of accident."

3. Quisenberry v. Kartsonis, Mo., 297 S.W. 2d 450; Valladao v. Fireman's Fund, 13 Cal.2d 322, 89 P.2d 643; Allegretto v. Oregon Automobile Ins. Co., 140 Or. 538, 13 P.2d 647, 648; Ohio Casualty Co. of Hamilton, Ohio v. Swan, 8 Cir., 89 F.2d 719; Buffalo v. United States Fidelity & Guaranty Co., 10 Cir., 84 F.2d 883.

udiced thereby.[4] I find that the insurer here has been prejudiced by the failure to cooperate. While there is no proof here that by reason of the delay a favorable witness has died, or is unavailable, I do not consider this character of proof to be necessary. By reason of the deceit practiced, plaintiff learned for the first time some seven months after the accident that it was being called upon to defend a 14 year old child who had no driver's license, and that its named insured's veracity was, to say the least, subject to question. It was deprived for seven months of the truth, a weapon of the greatest value in investigating or attempting to settle litigation of this nature. I find this to constitute ample damage to support the plaintiff's position, if affirmative proof thereof be required.

 Lastly, the defendants contend that the insurer waived the breaches in question by continuing with the taking of White's deposition immediately after he changed his original statement. The facts do not constitute a waiver. On learning of the duplicity of its insured, the insurer was entitled to a reasonable period of time within which to investigate and to determine which version in fact was accurate. After continuing in his deceit for seven months, the insureds can hardly be heard to say that at the very moment White changed his story the insurer must elect which course to pursue. Having filed the instant proceeding within seven days after White had made his admission, and when there had been no development in the State court proceeding other than to continue with the deposition to which the parties were then en route, the insurer did not waive its right to take advantage of the breaches hereinabove discussed.

It follows that the plaintiff is entitled to a declaration that by reason of the facts set out above it is entitled to be relieved of its obligation to defend the defendants White and Felder in the State court proceeding, or to pay any judgment which may be rendered against them.

The foregoing is adopted as findings of fact and conclusions of law.

Clerk will notify counsel.

4. E. g., Levy v. Indemnity Ins. Co. of North America, La.App., 8 So.2d 774; Cameron v. Berger, 336 Pa. 229, 7 A.2d 293; Bernadich v. Bernadich, 287 Mich. 137, 283 N.W. 5, and see Frazier v. Glens Falls Indemnity Co., Tex.Civ.App., 278 S. W.2d 388. Cases holding that prejudice is not material include Allstate Ins. Co. v. Keller, 17 Ill.App.2d 44, 149 N.E.2d 482; Shipp v. Conn. Indemnity Co., 194 Va. 249, 72 S.E.2d 343; Kindervater v. Motorists Casualty Ins. Co., 120 N.J.L. 373, 199 A. 606.