**Qually GRIFFIN et al., Appellants,**

**v.**

**FIDELITY & CASUALTY COMPANY OF NEW YORK, Appellee.**

**No. 17867.**

United States Court of Appeals
Fifth Circuit.

Dec. 14, 1959.

Rehearing Denied Jan. 29, 1960.

Maurice A. Lehmann, Houston, Tex. (Sidney J. Brown, Rosenberg, Tex., Smith & Lehmann, Houston, Tex., on the brief), for appellants.

Gaius G. Gannon, Jr., Vinson, Elkins, Weems & Searls, Houston, Tex. (Thomas B. Weatherly, Houston, Tex., of counsel), for appellee.

Before RIVES, Chief Judge, and HUTCHESON and TUTTLE, Circuit Judges.

HUTCHESON, Circuit Judge.

Plaintiff-appellee, the insurer in an automobile liability policy issued to one Arthur White on an automobile, alleging that, because of a collision occurring on or about July 28, 1957, White had been sued for damages, sought a declaratory judgment that, because of violations of the notice and cooperation provisions [1] of the policy, plaintiff was relieved of all obligations under the policy to defendants, the named insured and his nephew, Arthur Lee Felder, the permissive user and driver of the car when the collision and injuries occurred.

---

1. "3. *Notice.* In the event of an accident, occurrence or loss, written notice, containing particulars sufficient to identify the insured and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of the injured and of available witnesses, shall be given by or for the insured to the company or any of its authorized agents as soon as practicable. * * *"

"5. *Assistance and Cooperation of the Insured—Parts I and III.* The insured shall cooperate with the company and, upon the company's request, attend hearings and trials and assist in making settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of suits. The insured shall not, except at his own cost, voluntarily make any payment, assume any obligation or incur any expense other than for such immediate medical and surgical relief to others as shall be imperative at the time of the accident."

The claims as to the notice provision of the policy were that it was violated by Felder, who had given no notice at all, and by White, who, though he had made a timely report of the accident, had in law and in fact given no notice at all in that he had falsely stated that he was driving the car when in fact it was being driven by Felder, his nephew, a minor under fifteen years of age, who did not, indeed could not, have a driver's license.

The claims as to violation of the assistance and cooperation clause were: that, though the accident happened in July, 1957, and in December, 1957, he was named defendant in an action for damages resulting from the collision, White, who had pleaded guilty to aggravated assault in connection with the collision, did not correct his misstatement, that he was driving the car, or otherwise advise the plaintiff of the true facts until February 28, 1958.

The defenses to the notice were: that the notice of accident given by White was timely and in full compliance with the notice provision, both as to White and as to Felder; that the insurer, thus advised, accepted the notice and immediately commenced and prosecuted its investigation; and that, since the notice clause provides that "it shall be given by or for the insured * * * as soon as practicable", White's notice fully sufficed as a notice by both insureds.

The defenses to the claim under the assistance and cooperation clause were: that, while it is true that White did falsely state that he was driving, this statement was not made in collusion with the claimants or to damage, or with intent to prevent or impair the insurer's defense, but was made because of his desire, as between himself and his nephew, to protect his nephew by assuming the full responsibility for the occurrence and

taking upon himself whatever consequences the law visited upon the driver.

As to the failure to earlier inform the insurer of the true facts, the defense was that, having taken upon himself the blame by pleading guilty to a charge of aggravated assault, he was loath to change his statement unless and until it became necessary to do so, and that, when confronted with the necessity of giving a deposition and thus making a statement under oath of the true facts, he in advance of giving his testimony advised the counsel for the insurer of the true facts and in the deposition fully stated them.

In defense of the claims of breach of both policy provisions and particularly of the cooperation provision, defendant relied on the governing principle [2] in such cases that, in order to avoid obligations under a policy on such grounds, the insurer has the burden to show a substantial and material breach, that is that some prejudice to the company has resulted therefrom.

Finally, as to both the claims of breach, appellants assert that if there was any material breach of either the notice or the cooperation provisions of the policy, the insurer, by continuing to defend the case, with knowledge of the claimed breaches, waived them.

The case was tried to the court without a jury on evidence presenting no dispute of fact but only a dispute of law, and the district judge, in an opinion [3] fully setting out the undisputed facts and canvassing the disputed questions of law, determined and declared: (1) that the notice containing deliberately false information as to who was the driver was "no notice at all"; (2) that such deceit, continued as it was for a period of seven months following, was a substantial and material breach of the cooperation clause; and (3) that "the insurer here has been prejudiced" by the breach of the

2. Frazier v. Glens Falls Indemnity Co., Tex.Civ.App., 278 S.W.2d 388; Automobile Underwriters' Ins. Co. v. Long, Tex. Com.App., 63 S.W.2d 356; General Acc. Fire & Life Assur. Corp. v. Rinnert,

5 Cir., 170 F.2d 440, and American Indem. Co. v. Davis, 5 Cir., 260 F.2d 440.

3. Fidelity & Casualty Company of New York v. Griffin, D.C., 178 F.Supp. 678.

clause; and entered judgment accordingly.

Appellants here thus epitomizing the undisputed facts as found in the record[4] and urging upon us that the district judge erred in law in so determining and deciding, insists that the judgment should be reversed and here rendered for appellants or at least reversed and remanded for a new trial.

■ We agree with appellants that the judgment was wrong and must be reversed with directions to deny the relief asked.

This is so, first because the conclusion of the judge, that the notice given by White was no notice at all, while supported by some of the cases cited by appellee in its brief, is in our opinion not a correct statement of the law. Cf. General Acc. Fire & Life Assur. Corp. v. Rinnert, 5 Cir., 170 F.2d 440; American Indem. Co. v. Davis, 5 Cir., 260 F.2d 440; Am.Jur. 5A, "Automobile Insurance", Sec. 136; Standard Acc. Ins. Co. of Detroit, Mich. v. Winget, 9 Cir., 197 F.2d 97, 34 A.L.R.2d 250. Certainly the Klein case, Klein v. Century Lloyds, 154 Tex. 160, 275 S.W.2d 95, does not support this view. That case went off entirely on the ground not that Gunter gave a false notice and therefore gave no notice at all, but that Gunter, who gave no notice at all until thirty-two days after the accident when an adjuster took a statement from him, as a matter of law failed to give the required notice "as soon as practicable." 154 Tex. at pages 162–163, 275 S.W.2d at page 96.

■ It is so, second, because under the overwhelming weight of authority, including that of the courts of Texas, it is the law that it is essential to proof of breach of the cooperation clause, that actual, not merely suppositious or theoretical prejudice to the insurer therefrom be shown,[5] and no such showing is made.

Reversed and remanded with directions.

4. "The accident was July 28, 1957, and involved a pick-up truck owned by White and covered by the policy issued by Appellee to the named assured, White. White, the named insured, gave notice of the accident to Appellee Insurer on July 30, 1957, stating that he was driving the automobile, and that notice started insurer's investigation. Suits for damages to recover for injuries to minor appellants, Griffin and Richardson, were filed in Fort Bend County, Texas, Dec. 4, 1957 against White. Depositions in the Fort Bend County suits were taken Feb. 28, 1958. Before such depositions were taken, Arthur White told Mr. Gannon, the attorney for appellee-insurer, that he was not the driver but that his minor nephew, Arthur Lee Felder, was the driver, and he so testified on his deposition. Mr. Gannon, with full knowledge of all the facts, nevertheless continued in the defense of the damage suits in Fort Bend County. Mr. Gannon filed this suit for declaratory judgment, but he has continued in the defense of the damage suits in Fort Bend County to this date.

"Appellee-Insurer does not claim any fraud or collusion between claimants and insureds."

5. Frazier v. Glens Falls Indemnity Co.; Automobile Underwriters' Ins. Co. v. Long; General Acc. Fire & Life Assur. Corp. v. Rinnert, and American Indem. Co. v. Davis, all cited in note 2 supra, to which may be added Century Lloyds v. Barnett, Tex.Civ.App., 259 S.W.2d 768; Am.Jur. 5A, "Automobile Insurance", Sec. 154, p. 134; 60 A.L.R.(a) "Liability Insurance", Sec. 3, p. 1150, where it is said:

"Sec. 3. General principles; necessity of material breach and resulting prejudice.

"(a) In general.

"It has generally been stated that the lack of cooperation by an insured in failing to attend the trial or to testify must be substantial or material, and that a technical or inconsequential lack of cooperation is insufficient to void the policy."