**Herbert A. SAWYER, Appellant,**

**v.**

**Gerald L. GETZ et al., Appellees.**

**No. 4005.**

Court of Civil Appeals of Texas.

Eastland.

Dec. 3, 1965.

Rehearing Denied Jan. 14, 1966.

Fulbright, Crooker, Freeman, Bates & Jaworski, Alton F. Curry, and David C. Musslewhite, Houston, for appellant.

R. Richard Roberts and Otto A. Yelton, Jr., Houston, for appellees.

GRISSOM, Chief Justice.

Gerald L. Getz and others sued Herbert A. Sawyer to enforce a restrictive covenant in a subdivision providing for a twenty foot set back from the sidelines of any lot. Sawyer almost completed construction of a house and garage. His garage extended to within eight feet of the west sideline of his lot. Getz and others, who owned lots and residences in said addition, after virtual completion of the garage, sought a mandatory injunction compelling removal of the twelve feet of Sawyer's garage which extended into the restricted area. Sawyer asserted the defense of laches and undue delay. Upon a hearing for a permanent injunction to compel removal of said portion of the garage, Getz and others filed a motion for a summary judgment enjoining Sawyer from violating the twenty foot set back restriction and ordering him to permanently remove that part of the garage which extended into the restricted area. The court granted said motion, enjoined Sawyer from violating the twenty foot set back restriction and ordered that part of his garage that extended into the restricted area removed. Sawyer has appealed.

The substance of appellant's points is that the court erred in granting said motion for a summary judgment because fact issues were raised as to whether appellees were guilty of laches and undue delay.

The Winshire Addition, wherein Sawyer constructed his garage, is a small subdivision in the City of Bunker Hill. It consists of only one short street with a cul-de-sac at the end. The street intersects Bunker Hill Road. There are only eighteen lots in the Addition. Sawyer purchased his lot on December 12, 1962. The restrictive covenants were not in his deed but the deed contained a statement that the conveyance was subject to restrictive covenants affecting the property. Two architects and designers were ordered to draw the plans. The plans were submitted to seven builders. One of the builders was Vaglienti, an appellee herein. Appellant's plan was submitted to him on June 19, 1964. They were substantially the same as the final plans under which the garage was built extending twelve feet into the restricted area. Appellee Vaglienti did not mention the restriction or make any objection to the plan. The plans were also submitted to Bierschwale, the developer of the Winshire Addition and the common grantor of all parties to this suit. The plans submitted to him included the extension of the garage twelve feet into the restricted area. Bierschwale made a bid for construction of the house and garage and approved the plans and specifications, which included the extension of the garage twelve feet inside the restricted area. Bierschwale did not mention the restrictions. Clearing of the lot for the buildings started in the first part of July, 1964. Slabs for the house and garage were placed on the lot about July 17th. At that time forms were placed so that they showed the actual location of the garage. Concrete for the foundation was poured from August 6th to the 8th, 1964. A day or two thereafter the superstructure of the house and garage was begun. The superstructure of the house and garage were up about August 20th to 22nd. During this time appellant had no actual knowledge of said restriction and he proceeded with the construction in good faith. On August 31st, 1964, when the garage was 99 per cent completed, appellees for the first time notified appellant that the placing of the garage violated said restriction and that they objected to it.

At that time it would have taken only $125.00 plus twelve hours labor to complete the garage. The only thing remaining to be done was some trimming on the inside of the garage. The house and the garage were in open view. The location of the garage was open and obvious. The outline of the garage, at location objected to, was shown from July 15th to 18th and thereafter. There was a meeting of appellees relative to complaining of said violation by appellant in the middle of August. There was evidence that appellant's house and garage is the most expensive in the addition and, despite said violation, that they are assets to the addition. This is the substance of the evidence from which appellant says a fact issue was raised to support the defense pleaded by appellant. The established rules relative to granting summary judgments is correctly stated by appellant substantially as follows:

(1) The sole purpose of the summary judgment proceeding is to determine whether there are genuine issues as to any material facts. Gulbenkian v. Penn, [151 Tex. 412] 252 S.W.2d 929 (Tex.Sup. 1952).

(2) The trial court cannot weigh evidence or resolve conflicts in the testimony. That responsibility lies with the trier of the facts alone and not with the trial court on the summary judgment hearing. Gulbenkian v. Penn, [151 Tex. 412] 252 S.W.2d 929 (Tex.Sup.1952); Ditto Investment Co. v. Ditto, [Tex.Civ. App.] 293 S.W.2d 267; Rattan v. Kirker, [Dicker] [Tex.Civ.App.] 373 S.W.2d 306.

(3) The reason for the rule that the trial court cannot weigh evidence or resolve conflicts in the testimony on a summary judgment proceeding is that the proceeding is not intended to deprive litigants of a full hearing on the merits of any issues of fact. Gulbenkian v. Penn, [151 Tex. 412] 252 S.W.2d 929 (Tex.Sup.1952) and Trammel v. Trammel, [Tex.Civ.App.] 290 S.W.2d 324 (Waco Civ.App.1956) ref. n. r. e.

(4) The trial court must be exceedingly cautious and careful in granting a summary judgment. Gibler v. Houston Post Company, [Tex.Civ.App.] 310 S.W.2d 377, ref. n. r. e.

(5) The burden is on the party seeking a summary judgment to show that there is no question as to any material fact. Gulf, Colorado and Santa Fe Railway Co. v. McBride, [159 Tex. 442] 322 S.W.2d 492 (Tex.Sup.1958); Franklin Life Insurance Company v. Rogers, [Tex.Civ. App.] 316 S.W.2d 116, ref. n. r. e.; Jindra v. Jindra, [Tex.Civ.App.] 267 S. W.2d 287, ref. n. r. e.

(6) All doubts as to the existence of an issue as to a material fact must be decided against the party moving for a summary judgment. Gulbenkian v. Penn, [151 Tex. 412] 252 S.W.2d 929 (Tex.Sup.1952); Trinity Universal Insurance Company v. Horton, [Tex.Civ.App.] 363 S.W.2d 376.

(7) Conversely, the party opposing the summary judgment is entitled to every possible inference in his favor, and the trial court must view the evidence in the light most favorable to such party. Womack v. Allstate Insurance Company, [156 Tex. 467] 296 S.W.2d 233 (Tex.Sup. 1956); Labbe v. Carr, [Tex.Civ.App.] 369 S.W.2d 952, ref. n. r. e.;

(8) In viewing the evidence, the trial court must give credence to that which is most favorable to the party opposing the summary judgment, and all evidence to the contrary must be disregarded. Crews v. Cooley, [Tex.Civ.App.] 308 S. W.2d 162; Frazier v. Glens Falls Indemnity Co., [Tex.Civ.App.] 278 S.W. 2d 388, ref. n. r. e.; and Webster v. Webster, [Tex.Civ.App.] 293 S.W.2d 820, ref. n. r. e.

Ordinarily, the defense of laches and undue delay present fact issues, not law questions. It would be impracticable and would extend this opinion to an unreasonable length to quote, or state in detail, all the evidence which, in our opinion, would

support a finding of laches and undue delay by appellees. See Gillingham v. Timmins, Tex.Civ.App., 104 S.W.2d 115 (Writ Dis.); Barksdale v. Allison, Tex.Civ.App., 210 S.W.2d 616; Hall v. Stevens, Tex.Civ.App., 254 S.W. 610.

Viewing the evidence in the light most favorable to appellant, we conclude there was a genuine issue of fact raised as to the defense asserted. The judgment is reversed and the cause is remanded for a trial on the merits.