**Mary LAYNE et al., Appellants,**

v.

**Cecelia Annette Huston DARNELL, Appellee.**

**No. 17116.**

Court of Civil Appeals of Texas, Fort Worth.

May 8, 1970.

Rehearing Denied June 5, 1970.

Yarborough, Yarborough, Johnson & Hinds, and Donald V. Yarborough, Dallas, for appellants.

Kelly, Walker, Maynard & Liles, and Jearl Walker, Fort Worth, for appellee.

## OPINION

LANGDON, Justice.

This appeal is from a summary judgment.

Suit was filed against a father and his daughter on April 8, 1968, for injuries sustained in an automobile collision which occurred in Fort Worth, Texas, on April 10, 1966. Citation was issued for both. The Sheriff of Tarrant County served the father but failed to serve the defendant daughter, Cecelia Annette Huston Darnell, appellee. The Sheriff returned the citation to the District Clerk. He failed to give any notice that he had not served the daughter. When the case was called for trial, plaintiffs' attorney discovered for the first time that the daughter had not been served. The case was continued to provide plaintiffs time to obtain such service. A second citation was immediately issued and served upon the daughter, who resided in Wichita County. Subsequently the daughter's plea of privilege was sustained and the cause of action against her was severed and moved to Wichita County. The appellee daughter then filed a motion for summary judgment, alleging that the suit against her was barred by limitations. The motion was granted and a take nothing judgment was rendered against the plaintiffs.

On appeal it is contended that a fact question was presented as to whether or not the plaintiffs exercised diligence in serving the appellee.

We reverse and remand.

The affidavit made and filed by appellants' attorney in oppositon to the motion for summary judgment appears in the next four numbered paragraphs.

"1.

"On April 5, 1968, I mailed Plaintiffs' Original Petition with two copies to the District Clerk at Fort Worth, Texas, by certified mail and requested that citations be issued for both of the Defendants (Cecelia Annette Huston and Fred M. Huston) * * * and requested that the citations be placed in the hands of the Sheriff at once for service upon the two Defendants. I did not receive any communication from the Sheriff of Tarrant County of any inability to serve either of the two Defendants in either of the cases. Shortly after May 2, 1968, I received an Answer filed in behalf of Fred M. Huston in each of the two cases.

"2.

"I have been in the practice of law for 30 years in Dallas County and have filed numerous suits in the District Courts of Tarrant County, Texas, and on numerous occasions have requested that the citations be placed in the hands of the Sheriff of Tarrant Couny, Texas, for service. In all instances prior to this particular time the Sheriff has notified me by telephone, by letter or by postal card that he was unable to obtain service, if such was the case. At no time prior to this particular case has the Sheriff of Tarrant County ever failed to notify me when he was unable to obtain service. I had reason to believe and did believe that no difficulty had been encountered and that service had actually been had upon both of the Defendants in each of the cases. I am the attorney for the Plaintiffs in the above styled case. I had no additional citations issued for Cecelia Annette Huston because I had no reason to believe that she had not been served with citation. I did not know that citations had not been served upon such Defendant until February 3, 1969, when this case was called for trial, at which time, while going through the papers I discovered that citation had never been served upon Cecelia Annette Huston. I immediately requested of Defendants' attorney the address of Cecelia Annette Huston or Cecelia Annette Huston Darnell in order to save time and expense of a deposition being taken to ascertain this information. I received a letter * * * shortly after February 6, 1969, advising as to such address and I immediately requested that citation be issued and served upon Cecelia Annette Huston Darnell. This was immediately done and I received citation in the consolidated case from the District Clerk in Fort Worth, Texas, on February 12, 1969, and immediately mailed said citation to the Sheriff of Wichita County, Texas, on the same day and requested that same be served upon Cecelia Annette Huston Darnell. I also enclosed a check in the sum of $4.00 for the Sheriff's fee. This citation was forthwith served by the Sheriff of Wichita County, Texas, upon said Defendant.

"3.

"At no time before February 3, 1969, did I know or have reason to suspect or believe that Cecelia Annette Huston had not been served with citation.

"4.

"The suits consolidated under the above number were filed before the expiration of two years from the date of the accident and under all of the circumstances I was diligent in procuring the issuance of citations. There is a genuine issue as to a material fact and laches cannot be used in a Motion for Summary Judgment. The matter of diligence or non-diligence is a fact question to be considered by the Court or jury under all the circumstances of any given case and such is true of this case."

■ The sole purpose of the court in considering a motion for summary judgment is to determine whether or not there exists genuine issues as to any material facts.

■ It is not the province of the court in such a proceeding to pass upon the credibility of the witnesses, to weigh the evidence or to resolve conflicts in the testimony. To do so will deprive litigants of their right to a full hearing on the merits of any issues of fact.

■ The party seeking a summary judgment has the burden of showing that there are no genuine issues of fact to be resolved.

■ The party opposing summary judgment is entitled to every possible inference in his favor and it is the duty of the trial court to view the evidence in the light most favorable to the opposing party. All evidence to the contrary must be disregarded.

■ Ordinarily the defense of laches and undue delay, if any, present issues of fact and not questions of law. Sawyer v. Getz, 398 S.W.2d 376 (Eastland Tex.Civ.App., 1965, ref., n. r. e.) and Vol. 4, McDonald Texas Civil Practice, § 17.26, p. 1394. In the latter text, page 1395, it is said, "When an evaluation of all the considerations before him convinces the court that reasonable men, confronted by a similar .showing on the trial, might differ as to the truth of controlling facts, a genuine issue is present."

"It is of course settled that in addition to filing suit within the statutory period, there must be a bona fide intention on the part of plaintiff to obtain service and prosecute the suit with effect, in order that the statute of limitation may be avoided." San Saba Nat. Bank of San Saba v. Parker, 135 Tex. 136, 140 S.W.2d 1094 (1940). See also 37 Tex.Jur.2d §§ 104, 105 and 106, beginning at page 256, and the authorities cited under each.

■ It will not be presumed that the plaintiff did anything to delay the issuance of citation in the absence of proof. Tribby v. Wokee, 74 Tex. 142, 11 S.W. 1089 (1889); Hannaman v. Gordon, 261 S.W. 1006 (Tex.Com.App., 1924); Curtis v. Speck, 130 S.W.2d 348 (Galveston Tex. Civ.App., 1939, writ ref.).

"Except in those special cases in which the running of the statute of limitation is suspended by the filing of a petition, the statute is not tolled by the commencement of suit if the plaintiff directs the sheriff not to serve citation, or if he is guilty of a lack of diligence in obtaining service. The question of whether or not proper diligence has been used is frequently difficult of determination, and no set rule with reference thereto can be laid down. Ordinarily, the question is one of fact for the jury, or for the court when sitting without a jury. The plaintiff is not required to use the highest degree of diligence in order to toll the running of the statute; he need show only that diligence to procure service that an ordinarily prudent person would have used in the same or similar circumstances. * * *" 37 Tex.Jur.2d 264, § 107, and cases cited.

■ The facts in the case of San Saba Nat. Bank of San Saba v. Parker, 135 Tex. 136, 140 S.W.2d 1094 (1940), supra, involving a trial on the merits are very similar to those in the case at bar. There the court said, "We have in this case the clearest evidence of an intention to prosecute the case with effect by the issuance of citation immediately after the filing of petition, the placing of same in the hands of the sheriff, and by proper inquiry made of the clerk within due time. The trial court found that the attorney for plaintiff used diligence up to April 20, 1937. It occurs to us that there is absolutely no evidence indicating an intention on the part of the attorney to then abandon the prompt and effective prosecution of the suit, but he unqualifiedly entertained the intention to reduce the case to judgment, as soon as it could possibly be done in accordance with the terms of the court. The case was continued for service, and mere failure to ask for a citation, which in no event could have become more effective than the one which was issued on September 7, 1937, is not sufficient evidence to indicate negligence or an intention not to prosecute the suit to effect within a reasonable time."

In viewing the evidence in this case in the light most favorable to the appellants, we have concluded that a genuine issue of fact was raised. The judgment of the trial court is accordingly reversed and the cause remanded for a trial on the merits.

Reversed and remanded.