**OIL INSURANCE ASSOCIATION,**
Appellant,

v.

**ROYAL INDEMNITY COMPANY et al.,**
Appellees.

**No. 970.**

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Jan. 29, 1975.

Rehearing Denied Feb. 19, 1975.

Tom Connally, Fulbright & Jaworski, Houston, Harding A. Orren, John C. Hart, Robins, Davis & Lyons, Minneapolis, Minn., for appellant.

William R. Eckhardt, Vinson, Elkins, Searls, Connally & Smith, Decatur J. Holcombe, Royston, Rayzor, Cook & Vickery, Houston, for appellees.

CURTISS BROWN, Justice.

This is a suit on a policy of reinsurance.

The Signal Oil Company (Signal) suffered a loss in 1968 when a tube failed in the Isomax unit at its Houston refinery. Signal collected from its insurer, the appellee, Royal Indemnity Company (Royal or appellee). Royal had reinsured certain risks under its policy with other groups of insurance companies. Royal reinsured fire and explosion risks with appellant Oil Insurance Association (OIA or appellant), and boiler and machinery loss with Underwriters at Lloyds of London (Lloyds).

Royal brought this suit against OIA alleging that the loss at the Signal refinery was due to an explosion and/or fire. OIA answered that the loss was partly due to fire, but that the remainder was due to a boiler and machinery failure. OIA also filed a counterclaim to recover money it had advanced to Royal for interim repairs. OIA then brought a third party action against Lloyds. The trial court granted a summary judgment for the third party defendant Lloyds.

Royal's cause of action was submitted to a jury on the special issue as to whether Signal's loss was the result of an explosion. The trial court entered judgment, based on the jury's affirmative answer, for plaintiff-appellee Royal and against OIA on its cross-action.

Appellant OIA contends that the trial court erred in sustaining certain special exceptions to appellant's Second Amended Original Answer. The pleadings alleged that according to the custom and practice in the insurance industry generally, and in the contemplation of the parties at the time this particular contract was made, there existed a customary definition of the term "explosion", such that the loss involved here was a boiler and machinery loss rather than a fire and explosion loss. The trial court sustained a special exception to this language.

It is well settled in Texas law that expert testimony of industry custom is admissible to explain the meaning of technical terms used by parties in an industry. Royal Indemnity Company v. Marshall, 378 S.W.2d 364, 370 (Tex.Civ.App.—Austin 1964) rev'd on other grounds, 388 S.W.2d 176 (Tex.Sup.1965), (Holding that if there is no ambiguity in the meaning of the word, no evidence as to its meaning is admissible); Frost v. Martin, 203 S.W. 72 (Tex.Civ.App.—Fort Worth 1918, no writ). It is a different situation, however, when one party is not a part of the industry. Here OIA agreed to reinsure explosions covered by Royal's policy issued to Signal. Signal is not a member of the insurance industry, and the special rule should, therefore, not apply. Rather than use the alleged technical definition, the trial court properly instructed the jury to define "explosion" as it is commonly understood by ordinary men. See Millers Mutual Fire Insurance Co. v. Schwartz, 312 S.W.2d 313 (Tex.Civ.App.—San Antonio 1958, no writ); Crombie & Co. v. Employers' Fire Ins. Co. of Boston, 250 S.W.2d 472 (Tex. Civ.App.—El Paso 1952, writ ref'd n. r. e.).

Appellant claims that the trial court erred in sustaining special exceptions to their pleading of an arbitration agreement. The Texas General Arbitration Act, Vernon's Tex.Rev.Civ.Stat.Ann. art. 224 et

seq. (1973), specifically exempts insurance contracts and controversies arising thereunder from its coverage. Any arbitration agreement in the OIA reinsurance agreement is, therefore, unenforceable up until an award is made, and the trial court was correct in sustaining the special exception. REA Express v. Missouri Pacific Railroad Company, 447 S.W.2d 721 (Tex.Civ.App. —Houston [14th Dist.] 1969, writ ref'd n. r. e.).

■ Appellant complains that it was not allowed to cross-examine appellee's expert witness, Dr. Packer, using a dictionary definition which the witness stated he had relied on in reaching his expert definition of the term "explosion". Dr. Packer specified that he had relied upon the definition of "explosion" found in Webster's Third New International Dictionary, Unabridged 802 (1966). The correct rule is that an expert witness may be cross-examined on the basis of a book which he has recognized as authoritative or on which he has based his opinion in whole or in part. Texas Employer's Insurance Ass'n v. Nixon, 328 S.W.2d 809 (Tex.Civ.App.—Houston 1959, writ ref'd n. r. e.). However, the objection which the trial court sustained was only to appellant's counsel demonstrating to the jury a large poster on which was allegedly printed the disputed definition before first showing the poster to counsel for appellees. Appellant was not prevented from cross-examining on the basis of the definition.

■ As to its third party action against Lloyd's, OIA contends that summary judgment was improper because the affidavits and depositions failed to show as a matter of law that there were no issues of material fact. Although the pleadings are not summary judgment evidence in this case, they disclose that the appellant has failed to allege any basis on which it could recover a judgment against Lloyds. Hidalgo v. Surety Savings and Loan Association, 462 S.W.2d 540, 543 n. 1 (Tex.Sup.1971).

Summary judgment was proper. Contrary to the position taken by appellant in its brief, appellant's desire that the jury know that an additional reinsurer had potential liability in the case was not sufficient reason to deny summary judgment.

■ Finally, OIA complains that the trial court refused to submit its defensive issues on failure to cooperate. OIA alleged an industry custom of a duty to cooperate and introduced testimony to that effect. Contracts are presumed to be made with recognition of industry customs and usages, unless a contrary intent is expressed. Gulf Production Co. v. Cruse, 271 S.W. 886 (Tex.Comm'n App.1925, jdgmt adopted). Evidence of a general custom is admissible to add to a contract that is silent on a particular matter. Alexander v. Heidenheimer, 221 S.W. 942 (Tex.Comm'n App.1920, jdgmt adopted). The evidence showed that the loss in question was initially adjusted by the General Adjustment Bureau (GAB) for Royal. OIA and Royal are both good customers of GAB, so when suit was filed, GAB made the policy decision not to allow its adjusters to testify voluntarily, unless both Royal and OIA agreed. The two adjusters OIA wanted were beyond the subpoena power of our courts to compel their attendance, and Royal refused to agree for them to testify. Nevertheless, our courts did have the power to issue subpoenas to take their depositions in other jurisdictions. Royal agreed that they could give depositions voluntarily, but neither deposition was introduced at trial. Furthermore, OIA made no attempt to show what their testimony could have proven that OIA could not prove by alternative means. Therefore, there was no evidence that OIA was prejudiced by Royal's alleged failure to cooperate. Under Texas law, a failure to cooperate without some resulting prejudice to the insurer is not a breach of a contractual duty to cooperate. Frazier v. Glens Falls Indemnity Company, 278 S.W.2d 388 (Tex.Civ.App. —Fort Worth 1955, writ ref'd n. r. e.);

**152**

United States Casualty Company v. Schlein, 338 F.2d 169 (5th Cir. 1964); Griffin v. Fidelity & Casualty Company of New York, 273 F.2d 45 (5th Cir. 1959). Therefore, the trial court was correct in refusing the requested issues.

Affirmed.