## BARKSDALE v. ALLISON.

### No. 2649.

Court of Civil Appeals of Texas. Eastland.

April 16, 1948.

Neil E. Beaton, of San Antonio, for appellant.

Frank S. Huson, of San Antonio, for appellee.

GRISSOM, Chief Justice.

This is a suit by William W. Barksdale to enjoin E. W. Allison from completing construction of a business building and operation of a retail grocery and ice store at 6603 South Flores Street in San Antonio. A temporary injunction was refused and Barksdale has appealed.

When the case was tried and judgment rendered, the building complained of was in a residential district under a zoning ordinance of the City. The ordinance was thereafter amended so that a permit for erection of a mercantile building and operation of such a business might be permitted at said location. At the time of the trial, the building had been completed and was ready for use as a grocery and ice store except that it had not yet been connected with electricity and water.

The evidence was sufficient to have sustained findings by the trial court that

Allison bought the lot for the purpose or erecting a mercantile building thereon; that he applied to the proper authority and obtained a permit to erect such a building after advising said authority of his intentions; that appellant resides diagonally across the street from said building and about 200 feet distant; that appellant knew when appellee commenced construction of the building of appellee's intention to erect a mercantile building thereon; that he told appellant he intended to build a drive-in ice service station there and talked with appellant about the attitude of the neigbors with reference to erection of a business building there; that appellant did not advise appellee that he would attempt to enjoin erection of the building or operation of a store; that when appellee asked how the neighbors felt about erection of a business building there that appellant told appellee to go before the zoning board and make application for a permit to erect such a building and he would then know whether he could construct such a building or not. After appellee had resigned his position as a salesman for a wholesale grocer and had spent approximately $10,000 in acquiring, constructing and equipping the building, and nothing further remained to be done than to connect the building with electricity and water, appellant then sought a temporary injunction to prevent completion of said building and its use as aforesaid. The court was further authorized to conclude from the evidence that appellee's building was not suitable for use as a residence; that appellee commenced construction of the building on May 9th; that appellant then, or soon thereafter, knew of his action and did not attempt to prevent erection of the building or file suit for injunction until June 14th thereafter. Under the record, we presume the court found the facts as indicated above. 3 Tex. Jur., 1064. Under such circumstances, the court was authorized to conclude that appellant's right to injunctive relief, if it has existed, was lost by laches and estoppel. 32 C.J. 72, 43 C.J.S. Injunctions, § 171; Hall v. Stevens, Tex.Civ.App., 254 S.W. 610; Los Angeles Heights Independent School District v. Chestnut, Tex.Civ.App., 287 S.W. 693.

Under such circumstances, the court did not abuse its discretion in refusing to grant a temporary injunction. The judgment is affirmed.