Leo BAKER et ux., et al., Appellants,

v.

Billy L. BRACKEEN et ux., Appellees.

No. 7097.

Court of Civil Appeals of Texas.

Amarillo.

Feb. 5, 1962.

Rehearing Denied March 5, 1962.

E. H. Boedeker, Lubbock, for appellants.

Nelson, McCleskey & Harriger, Lubbock, for appellees.

NORTHCUTT, Justice.

This suit was instituted by Leo Baker, et al., as plaintiffs praying for a permanent injunction restraining and enjoining the defendants, Billy L. Brackeen and wife, Peggy Brackeen, from operating a beauty shop in the garage of their home in Sunny Hill Addition to the City of Lubbock, Lubbock County, Texas. The plaintiffs will hereinafter be referred to as appellants and the defendants as appellees.

The appellants base their suit upon two paragraphs of the restrictions pertaining to Sunny Hill Addition which were pleaded as follows:

"1. All of the above described blocks shall be used exclusively for residential purposes and the said lots so here designated as residence lots and all of the territory and property covered by said lots, shall hereafter in this dedication deed be referred to as 'residential section.'

"No noxious or offensive trade or other activity shall be carried on upon any lot or tract in this addition, nor shall anything be done thereon which may be or become a nuisance or gross annoyance to the neighborhood."

Appellants contended they were home owners in the Sunny Hill Addition and that they bought their property because the restrictions provided that the area of Sunny Hill Addition should be used exclusively for residential purposes; that Sunny Hill Addition is an exclusive residential area; and that the appellees in March, 1960 made application to the City of Lubbock to alter their garage attached to their dwelling. The permit was granted. Thereafter appellees began operating a beauty shop for the public in such converted garage. The appellants filed suit June 10, 1960. The appellees answered by general denial and special pleadings that the operation of a beauty shop was a profession and there had been an abandonment of the restrictions, laches, estoppel and acquiescence by appel-

lants. Appellees also defended the suit on the grounds that they had not violated, or threatened to violate any valid restriction imposed on the use of their property, and that there was no restriction on the Sunny Hill Addition which would prohibit the use appellees were making of their residence.

At the close of all the evidence, the appellants made a motion for an instructed verdict but the motion was overruled by the court.

After overruling the plaintiffs' motion for an instructed verdict the cause was submitted with instructions to the jury on six Special Issues with reference to the use made of the property in Sunny Hill Addition, acquiescence, were defendants violating restrictions, changed condition, waiver and abandonment. The jury answered five of the issues favorable to defendants and further found that the use of such residence in the addition for the purpose and in the manner in which defendants were using the East one-half of their garage was prohibited by the restrictions.

Plaintiffs filed a motion for judgment and also filed a motion for judgment Non Obstante Veredicto. The court overruled both of the said motions and entered judgment in favor of the defendants and against the plaintiffs by denying the injunction prayed for by them.

Plaintiffs filed their motion for a new trial which the court overruled, and they perfected their appeal from the judgment of the trial court and appellants now insist that the trial court should have granted them an instructed verdict and in failing to do so the jury's findings to the Special Issues 1, 2, 4, 5, and 6 are so contrary to the overwhelming weight of the evidence as to be manifestly unjust and wrong.

By appellants' first two points of error it is contended the trial court erred in not granting appellants' motion for instructed verdict and in refusing to grant appellants' motion for judgment Non Obstante Vere-

dicto, since there was no proof to establish any defense pleaded by appellees and the uncontroverted evidence showed that appellees were operating a beauty shop in Sunny Hill Addition, an area restricted for exclusively residential purposes, and no substantial violations were shown before appellees started operating a beauty shop therein.

In answer to Special Issue No. 1 the jury found that a substantial number of persons, other than defendants, within the Sunny Hill Addition were using a part of their homes in the addition for business and professional purposes. In answer to Special Issue No. 2 the jury found that the plaintiffs either knew, or by the exercise of reasonable diligence should have known, that such businesses and professions were being carried on out of other homes in the Sunny Hill Addition.

■ In determining whether the trial court erred in overruling appellants' motion for instructed verdict and in overruling appellants' motion for judgment Non Obstante Veredicto, we must consider whether there is any evidence sufficient to authorize the submission of an issue to the jury. A peremptory instruction is warranted only when the evidence is such that no other verdict can be rendered. White et al. v. White et al., 141 Tex. 328, 172 S.W.2d 295 by the Supreme Court; Erwin et al. v. Hays, Tex.Civ.App., 267 S.W.2d 884 (Writ refused NRE).

■■ We are of the opinion that there was sufficient evidence to sustain the jury's findings in answer to Special Issues Nos. 1 and 2, and overrule appellants' first two points of error.

■ By Special Issue No. 3, where the court asked the jury if the restrictive covenants prohibited the use of a part of a residence in the addition for the purpose and in the manner in which the defendants were using the East one-half of their garage, we think would be a question of law and not a question of fact to be submitted to the jury. Alexander Schroeder Lumber Co. et al. v. Corona et al., Tex.Civ.App., 288 S.W.2d 829. Mrs. Brackeen was operating a beauty parlor in the East one-half of the garage that was a part of her residence. If there was no other matter to be determined, other than the question of operating the beauty parlor, that would be using the residence for a purpose other than exclusively residential purposes and we would be compelled to hold that such use was in violation of the restriction prohibiting the use for other than residential purposes.

Paragraph seven of the restrictions indicate that a party may carry on a trade or other activity so long as they are not noxious or offensive or which may be or become a nuisance or gross annoyance to the neighborhood.

■ Mrs. Brackeen had to go to school and take certain courses and take a state examination before she could carry on her work or profession. She had done all this and had both a City and State license to practice beauty culture. The rules of cleanliness required of her were very strict. Writings are construed in the light of all that is necessarily implied as well as by force of what is expressly set out. Alexander Schroeder Lumber Co. et al. v. Corona et al., Tex.Civ.App., 288 S.W.2d 829 (Writ refused NRE).

■ It is expressly set out in the restrictions that all of the blocks in the Sunny Hill Addition shall be used exclusively for residential purposes. If that expression is considered alone, then, no trade or other activity of any kind could be considered. But, when the restrictions go further and state that no noxious or offensive trade or other activity shall be carried on upon any other lot or tract in the addition, nor should anything be done thereon which may be or become a nuisance or gross annoyance to the neighborhood, we think it necessarily implies that Mrs. Brackeen might carry on

her beauty activities unless it is noxious or offensive, etc.

■ If there be any ambiguity in the restrictions, or substantial doubt of its meaning, the ambiguity and doubt should be resolved in favor of the free use of the land. Baker et al. v. Henderson et al., 137 Tex. 266, 153 S.W.2d 465, by the Commission of Appeals and adopted by the Supreme Court.

We do not cite the Penal Code to abrogate the provisions of the restrictions; but if the restrictions here involved do not prevent the appellee from operating her beauty operations, there is no question but what she has the right to carry on such operations in her home under Art. 734b, Sec. 9(a) of Texas Penal Code, V.A.T.S.

Although Special Issue No. 3 was a question of law and not a question of fact to be submitted to the jury, the remaining Special Issues were based upon the jury answering Special Issue No. 3 that the restrictive covenants prohibited the use of the premises in the manner Mrs. Brackeen was using the same. The jury found in answer to Issue No. 3 Mrs. Brackeen was using the premises in a manner prohibited by the restrictions, and in answer to the remaining issues that the general nature of the addition had changed to such a degree so that the restrictions were no longer reasonably capable of enforcement; that the plaintiffs, prior to the beginning of defendants' beauty operations, had waived their rights to enforce such restrictions so would prohibit defendants' beauty operations as the same had been conducted by permitting others within the addition to use their residence in a similar manner, and that the plaintiffs, prior to the beginning of the defendants' beauty operations, had abandoned such restrictions as would prohibit the use of a part of a residence for the purpose which defendants were using the East one-half of the garage.

Practically the same matters involved herein were involved in the case of Burkhart et al. v. Christian, Tex.Civ.App., 315 S.W.2d 668 (Writ refused NRE). Only in that case the appellee was an Osteopath and was practicing in one room of her home. We think the reasons stated in that case and the cases there cited are directly in point here, and that this case should be affirmed. Judgment of the trial court is affirmed.