William M. DAVIS, Appellant,

v.

Lloyd HINTON et al., Appellees.

No. 14.

Court of Civil Appeals of Texas.

Tyler.

Jan. 16, 1964.

Rehearing Denied Feb. 6, 1964.

Earl Luna, Luna & Vaughn, Dallas, for appellant.

Robert H. Thomas, Strasburger, Price, Kelton, Miller & Martin, Dallas, for appellees.

MOORE, Justice.

This is an injunction suit instituted in the court below by Lloyd Hinton and other property owners in the Valley View Addition Nos. 1, 2 and 3 of the City of Farmers Branch in Dallas County, Texas, seeking a permanent injunction to enjoin William M. Davis, defendant (appellant herein) from violating the deed restrictions on Lot No. 4, Block 1, owned by him and situated in said Addition.

The plaintiffs in the suit allege that the defendant Davis violated deed restriction No. 1 and restriction No. 3, which restrictions read as follows:

"1. All lots in the Tract shall be known and described as residential lots. No structure shall be erected, altered, placed or permitted to remain on any residential building plot other than the 1 detached single-family dwelling not to exceed two stories in height and a private garage for not more than

two cars and other necessary out-build-ings incidental to single family use;"

"3. No noxious or offensive trade or activity shall be carried on upon any lot nor shall anything be done thereon which may be or become an annoyance or nuisance to the neighborhood."

Plaintiffs allege that defendant was using said property as a business or a commercial establishment in violation of said restrictions. The defendant denied that he was violating the restrictions and pleads waiver of the restrictions and laches on the part of the plaintiffs, and further pleads that due to the changed conditions in the neighborhood, the property in the restricted area has become unsuitable for residential purposes and the restrictions should not be enforced.

Defendant admitted that he was not using the property as his residence; he also admitted that he is renting the living room, dining room and kitchen for $50.00 per month to a Mrs. Flynn who conducts a commercial art business; that in one of the bedrooms he conducts his bookkeeping and accounting business and rents a portion of the room for $50.00 per month to a Mr. Wilsie, a manufacturer's representative, and that since the date of the filing of this suit he had rented the remaining bedroom to his brother, a single man, who now lives in the room. In response to a request for admission, he also admits that the house is now being used by him for purposes other than a "single family dwelling". The evidence shows that there was a sign in the yard on which was printed the following: "Davis Bookkeeping Tax Service", "M.R.L. North Texas", "Art Studio" and a separate sign which read: "Office for Rent".

In a trial before a jury, at the conclusion of the plaintiffs' testimony, defendant Davis moved for an instructed verdict which was overruled by the court. At the conclusion of all the testimony both plaintiffs and defendant made motions for instructed verdicts or, in the alternative, that the court withdraw the case from the jury and render judgment. The Trial Court withdrew the case from the jury and rendered judgment for the plaintiffs, permanently enjoining defendant Davis from using said property "for any purpose other than a single family residence, except that the said Defendant, or any other person, if he uses said property as his residence, may carry on such business of his own as may be incidental to the primary or principal use of said property as a single family residence or dwelling. * * " provided no noxious trade or activity is carried on upon the property.

By his first, second and third points of error, appellant contends that the Trial Court was in error in overruling his motion for instructed verdict, because there was no evidence, or at least insufficient evidence, to support the judgment for the plaintiffs in that there was no proof that the activity of the defendant was noxious or offensive, and further contends that since the restriction in the deed did not restrict the use of the premises but only restricted the type of structure that could be placed thereon, and that since he had not changed the type of structure to something other than residential, there was no evidence of a violation of the restriction. In the alternative, he contends that there is no evidence of a violation because, since his brother resides in one of the rooms it is being used as a residence.

It is true there was no proof in the record showing that the activity carried on on the premises was noxious or offensive, as such, and the appellees do not so contend. They do contend, however, that there is a definite violation of restriction No. 1, and they are being damaged thereby.

The solution to the problem will depend upon the interpretation to be given the restriction in question.

In 26 C.J.S. Deeds § 164(3) a considering restrictive covenants in deeds, the rule is said to be as follows:

"As employed in building restrictions, the words 'dwelling house' are, in the absence of anything to the contrary, to be construed in their ordinary sense as

a house occupied as a residence, in distinction from a store, office, or other building. The term defines the use to which a building shall be put and not merely the form or character of the structure, and a provision restricting the erection of buildings other than dwelling houses or residences applies not only to the erection of the building in the first place, but likewise forbids the use of a building erected as a dwelling house or residence for other than residential purposes."

The same authority also states that:

"Where the use of a building is restricted to a 'private dwelling,' the owner will not be allowed gradually to change the character of a building from a residence to a place of business."

Where the restriction, as in the case at bar, restricts the use to a "single family dwelling", the nature and extent of the use of his premises for purposes other than as a residence for the members of his family and his domestic servants will determine whether an injunction decree is to be entered against a particular defendant. If he operates a rooming or boarding house on the premises as a business, or is using his dwelling house primarily as a source of financial gain rather than as a residence for himself and his family and domestic servants, that activity should be enjoined. The facts in this case show conclusively that appellant was using the residence primarily as a business in violation of the restriction and therefore there was no error in the Trial Court refusing to instruct a verdict in his behalf. Southampton Civic Club v. Couch, 159 Tex. 464, 322 S.W.2d 516, 520; Walker v. Dorris, Tex.Civ.App., 206 S.W.2d 620; Arrington v. Cleveland, Tex.Civ.App., 242 S.W.2d 400 (Er.Ref.); 14 Am.Jur. Sec. 246.

Obviously, the fact that appellant, after suit was filed, rented a room to his brother, who is a single man and who now lives in one of the rooms, does not serve to create a single family dwelling so as to comply with restriction.

Appellant's points 1, 2 and 3 are therefore overruled.

By appellant's fourth assignment he contends that the court was in error in rendering judgment for appellees because there were fact issues to be submitted to the jury on his pleaded defenses of waiver, laches, and on his alternative plea of change of conditions within the neighborhood to such an extent as to render the property unsuitable for residential purposes.

The evidence shows that appellant's property fronts on Valley View Lane in the City of Farmers Branch; that the property is on the border of the restricted addition; that since the restriction was imposed the traffic on Valley View Lane has increased greatly; that the City of Farmers Branch has grown from 1600 to 18,000; that the subdivision in question is a rather large subdivision, containing many homes; that the subdivision is zoned as residential by the city; that within the area, but outside the restricted area, a shopping center, doctors offices and a core analysis lab have been constructed and that Buckner Insurance Agency is being conducted in a converted garage in connection with the home; that within the residential area, Bates Beauty Shop has been in operation three or four years in the garage of the family residence; that Deckard Beauty Shop has been in operation in the family residence for about two years; that from 1954 through 1956 La Monico Nursery for children was operated in a family residence; that from 1950 to 1955 Frances Gregg operated a beauty shop in her family residence. The evidence fails to reveal the extent or volume of the business being conducted.

In order to establish a waiver there must of course be some violation within the restricted area. A violation of a restrictive covenant, outside the restricted area, cannot be relied upon as a waiver of the restrictive covenants within the restrictive

727

area. Abernathy v. Adoue, Tex.Civ.App., 49 S.W.2d 476, 477.

■ The only violations in the restricted area relied upon by appellant as constituting a waiver are the beauty shops and day nursery as set forth above. In construing similar restrictive covenants the courts have held that neither the operation of a beauty shop nor the practice of medicine in the home which was merely incidental to the use of the premises as a single family residence, amounted to a violation of the restrictive covenant. We have concluded that since the operations of the beauty shops and day nursery were merely incidental to the use as a single family dwelling or residence, same were not in violation of the restriction and would not constitute a waiver. Burkhart v. Christian, Tex.Civ.App., 315 S.W.2d 668; and Baker v. Brackeen, Tex.Civ.App., 354 S.W.2d 660.

■ But even so, before an alleged violation in the restricted area can be relied upon as a waiver, it must be shown that the violation materially affected the use and enjoyment of the properties as residences, and that the violation was more than trivial. Stewart v. Welsh, 142 Tex. 314, 178 S.W.2d 506; Cowling v. Colligan, 158 Tex. 458, 312 S.W.2d 943; Barham v. Reames, Tex.Civ. App., 366 S.W.2d 257. The evidence fails to disclose such to be the case.

Having concluded that there was no evidence of probative force on the issue of waiver, no error is reflected by the Trial Court's failure to submit the issue to the jury.

■ On the question of whether or not the evidence is sufficient to raise the question of laches on the part of the appellees toward the appellant, the evidence discloses that before appellant bought the property in December, 1961, he had the title checked by a title company and secured a title policy and that since the time of the purchase he has made no improvements thereon. There was no showing that appellees in any way misled the appellant in such a manner as to cause him any damage or injury. This suit was filed April 2, 1962, some ninety (90) days following the purchase of the property by the appellant.

In 30 C.J.S. Equity § 117, the rule is stated:

"It is not for a wrongdoer to impose extreme vigilance and promptitude as conditions to the exercise of the right of the person injured. So the doctrine of laches does not apply where defendant has acted in open and known hostility to plaintiff's rights and has been misled by no apparent acquiescence on plaintiff's part; the law does not demand the utmost exertion of diligence in repelling a hostile invasion of one's rights deliberately undertaken with full knowledge of all the facts."

As was pointed out by Judge Culver in Arrington v. Cleveland, supra, "In the recent Texas case of Shaffer v. Rector Well Equipment Company, Inc., 155 F.2d 344, 347, Judge Waller of the Fifth Circuit holds: 'The burden of proof to establish the defense of laches is on the defendant and the failure of the defendant to prove injury or damage to itself—a vital element in the establishment of laches—would be fatal to such a defense, even if it had maintained that defense in other respects.' "

Appellant having failed to produce any evidence that neither the delay in the filing of suit nor any other act by appellees caused him any injury or damage, failed to discharge his burden of proof on the issues of laches and therefore no issue was raised for determination by a jury.

■ Appellant's contention in his fourth point contending that there was a question of fact for the jury on the changed condition in the neighborhood rendering the property involved unsuited for residential purposes is overruled.

The condition existed when the appellant purchased his property a short time before suit was filed.

The fact that some of the adjoining or surrounding property is now used for business purposes does not in any way alter the residential character of the subdivision. The original plan for a residential subdivision has not been departed from within the restricted area, but the restrictive requirements have been generally enforced, and accepted by the owners thereof.

It is our belief that equity in such a situation is with the property owners who desire that their home district be confined to its original purpose, and not with one who seeks to violate those conditions because he chances to own the particular piece of property which was affected by changed conditions. The equities favoring one particular lot owner in a restricted area is only one facet of the judicial inquiry. Those equities must be weighed against the equities favoring the lot owners who depend upon the restriction to preserve the residential character of the area. It is a question of harm on the one hand and benefit on the other. The judgment must arise out of balancing of the equities. All of the reported cases on this question has, to a large extent, been decided upon equitable grounds. We think that the weight of authorities, as well as the equitable rights of adjacent property owners, are against appellant's contention. Scaling v. Sutton, Tex.Civ.App., 167 S.W.2d 275, 280. We see no point in unduly extending this opinion by discussing the equitable considerations to be accorded the parties in these types of situations because the matter has already been thoroughly considered by the courts and decided contrary to appellant's contention in Bethea v. Lockhart, Tex.Civ.App., 127 S.W.2d 1029, writ refused, and by the Supreme Court in Cowling v. Colligan, supra.

Since the proof presented on the issue of changed conditions would not as a matter of law be sufficient to support a finding or judgment based thereon the Trial Court was correct in refusing to submit the issue to the jury.

For the reasons stated, we overrule the appellant's fourth point and its related assignments of error.

Judgment affirmed.