Duncan G. **ALLEN**, Appellant,

v.

**W. L. WINNER et al., Appellees.**

No. 14486.

Court of Civil Appeals of Texas.

Houston.

April 1, 1965.

Rehearing Denied April 29, 1965.

Collins, Moore & Putnam, Fred. A. Collins, Houston, for appellant.

Donald Peters, Rudy M. Groom, Houston, for appellees.

COLEMAN, Justice.

This is a suit to enjoin the use of certain premises for business purposes in violation of a covenant restricting the use of the premises to residential purposes only.

The suit was tried before the court without a jury. The trial court entered a judgment enjoining use of the premis-

es for business purposes. Findings of fact and conclusions of law fully supporting the judgment were filed and this appeal resulted.

In October, 1958, appellant purchased a house and lot located at 5901 Beechnut Street in the City of Houston, Texas, and being Lot 5, Block 4, Braeburn Terrace, Section 2. He immediately began using the property as an office and has continued such use to the present time. He made no alterations to the exterior of the building and no substantial changes to the interior. He was engaged in appraisal work, designing and evaluating designs of industrial buildings, and real estate brokerage. At times he had as many as ten clerical employees. He had two telephone lines and several listings in the telephone directory. Very few of his clients called at his office. For several months in 1959 Allen occupied a room in the house as his residence. There was no outward indication that the property was being used for purposes other than residential.

On April 10, 1963, appellant purchased an adjoining house and lot known as 5905 Beechnut, which he began using as additional office space. Thereafter, he put shell in the area between and in front of the houses for use as a parking area, and permitted his son to erect a large business sign in front of 5905 Beechnut.

Since 1960 a neighborhood civic club interested in enforcing the restrictive covenants in the subdivision has had some information indicating that the 5901 Beechnut property was being used for business purposes and letters of inquiry were sent to appellant in 1961, 1962 and 1963 concerning his use of the property. He did not reply to these letters. Appellees testified that they did not know of the business use until 1963, although one of them testified that he previously had heard that a real estate operation was being conducted from the premises. The evidence indicated that

there were only one or two other business operations in Section 2 and that these were not readily apparent and were unknown to appellees prior to the institution of this suit.

■ Appellant does not deny that he is using the property for business purposes. He also admits that he had knowledge of the covenants at the time he purchased the property. He relied as a defense to this suit on pleas of waiver, laches and estoppel. He also has raised for the first time the question of limitations, but since he did not plead the statutes of limitation, that defense is not available to him. Travis County v. Matthews, Tex.Civ.App., 235 S.W.2d 691, ref., n. r. e.

■ There is no evidence of substantial violations of the restrictions in Section 2 of Braeburn Terrace other than the violation by appellant. There is, therefore, no evidence of acquiescence in violations by others necessary to sustain the defensive plea of waiver. Stewart v. Welsh, 142 Tex. 314, 178 S.W.2d 506; Cowling v. Colligan, 158 Tex. 458, 312 S.W.2d 943.

The trial court properly could have found from the testimony that some, if not all, of the appellees were unaware of the nature of appellant's use of the property until after April, 1963. This suit was filed January 8, 1964.

■ It is well settled that the utmost diligence is not required in asserting one's rights against another who has invaded them deliberately with full knowledge of the facts. Davis v. Hinton, Tex.Civ.App., 374 S.W.2d 723, ref., n. r. e.; Arrington v. Cleveland, Tex.Civ.App., 242 S.W.2d 400, writ ref.

■ The burden of proof to establish the defenses of laches and estoppel was on appellant. A vital element in both of these defenses is injury or damage caused to the violator by reason of apparent acquiescence

in prior violations of the restrictions. Arrington v. Cleveland, supra.

■ Appellant contends that he purchased the adjacent property because of the acquiescence of the other property owners in his use of 5901 Beechnut for business purposes, and that this constitutes the requisite injury. There is no testimony that a financial loss was sustained by reason of this purchase. Neither house has been converted to a special purpose. No substantial funds have been expended in improvements to the property. The evidence does not establish as a matter of law that appellees acquiesced in the use of 5901 Beechnut for business purposes prior to the purchase of 5905 Beechnut. There could be no acquiescence in the absence of knowledge of the business use.

Even if it should be considered that appellees knew that some business activity was conducted at 5901 Beechnut, it was not readily apparent and did not damage appellees. The trial court might well have considered the violation trivial prior to the time the large parking area was shelled and the business sign was erected. The delay in filing suit after the business activity was thus advertised was not unreasonable and caused appellant no damage.

Appellant also contends that there was no general plan or scheme of restrictions limiting this subdivision to residential purposes only and that there was no evidence that all lots in Braeburn Terrace, Section 2, were subjected to restrictions.

■ It is apparent that the developers of Braeburn Terrace, Section 2, recorded restrictive covenants on the various blocks as they were developed. The material provisions of these covenants are the same and evidence a general plan or scheme for the development of the subdivision. The fact that some lots were not restricted would not vitiate the general plan. Goodstein et al. v. Huffman et al., 222 S.W.2d 259,

error ref.; Hooper v. Lottman, Tex.Civ.App., 171 S.W. 270; Scaling v. Sutton, et al., Tex.Civ.App., 167 S.W.2d 275, ref., w. o. m.

The judgment of the trial court is affirmed.