Lawrence **VACCARO** et ux., Appellants,

v.

Margaret **ROUGEOU**, Appellee.

No. 14674.

Court of Civil Appeals of Texas.

Houston.

Dec. 16, 1965.

Rehearing Denied Jan. 6, 1966.

Peareson, Scherer, Roberts & Slone, Charles R. Slone, Richmond, for appellants.

Brigman, Martin & Smith, T. D. Smith, Houston, for appellee.

COLEMAN, Justice.

This is a suit to enjoin the operation of a beauty parlor in the attached garage of a house located in a subdivision restricted to residential use. The trial court held that this activity did not constitute a violation of the restrictions and refused the injunction.

The restrictive covenants pertinent to a decision of this case read:

1

"All lots are residential lots, and no structure shall be erected on any residential lot other than one detached single family dwelling not to exceed two stories in height and other outbuildings incidental to the residential use of such lot. This restriction shall be held and construed to exclude apartment houses, duplex houses and multiple family dwellings of any kind and no residential structure shall be erected in said subdivision upon any portion thereof comprising an area less than one (1) lot as shown by said plat of record.

" * * *

3

"No noxious or offensive activity shall be carried on upon any lot nor shall anything be done thereon which may be or become an annoyance or nuisance to the neighborhood."

The trial court made findings of fact, including:

V.

"Plaintiffs are lawfully entitled to the benefits of said restrictions and to maintain an action to enjoin a breach thereof.

VI.

Since the date of the establishment of said restrictions, they have been, and they still are, in full force and effect.

VII.

"The Defendant is a widow and resides on the property described above with her three children. She is a duly licensed beauty operator and limits her profession to friends and relatives by appointment only. She does not, nor does she intend to in the future, treat disease in her beauty shop; and she does not now, nor does she intend to in the future, maintain any listing in the yellow sheets of the telephone directory nor any sign upon her premises except a sign containing a number used to designate the street address of her residential property. The Defendant occupies the property as her residence and has enclosed one-half (½) of the interior of her garage as a beauty shop. There has been no exterior change in the appearance of the residence. The only equipment in the beauty shop are two dressing tables, three dryers and two chairs. The Defendant does not have a waiting room for her customers and usually processes no more

than three people at any given period of time. Defendant does not maintain a place of business elsewhere for the practice of her profession. Her customers park their cars on her driveway and on the street in front of her residence. Parking of cars of her customers does not interfere with traffic nor does it constitute a traffic hazard."

■ Restriction No. 1 quoted above must be construed as forbidding any use of the building erected on the lot in question for other than residential purposes. Davis v. Hinton, Tex.Civ.App., 374 S.W.2d 723, ref., n. r. e.; Chandler v. Darwin, Tex. Civ.App., 281 S.W.2d 363; Walker v. Dorris, Tex.Civ.App., 206 S.W.2d 620, ref., n. r. e.

In Briggs v. Hendricks, 197 S.W.2d 511, this Court said:

"Courts judicially know that the purpose of restricting lots in additions to cities to residential use, is to establish an area free from commercial activity, and thereby enhance the value of such lots as residential property. The word 'residential' as used in a convenant restricting the use of property, is used in contradistinction to 'business' or 'commerce.' A building used as a place of abode, and in which no business is carried on, is devoted to a 'residential use' so long as such use continues. See Hunt v. Held, 90 Ohio St. 280, 107 N.E. 765, 766, L.R.A.1915D, 543, Ann.Cas.1916C, 1051."

In Baker v. Brackeen, Tex.Civ.App., 354 S.W.2d 660, the court said:

"If there was no other matter to be determined, other than the question of operating the beauty parlor, that would be using the residence for a purpose other than exclusively residential purposes and we would be compelled to hold that such use was in violation of the restriction prohibiting the use for other than residential purposes."

In this case, however, the court stated that a further provision prohibiting noxious or offensive *trades* or other activities created a substantial doubt as to the meaning of the restrictions which should be resolved in favor of the free use of the land. The Court then said:

"It is expressly set out in the restrictions that all of the blocks in the Sunny Hill Addition shall be used exclusively for residential purposes. If that expression is considered alone, then, no trade or other activity of any kind could be considered. But then the restrictions go further and state that no noxious or offensive trade or other activity shall be carried on upon any other lot or tract in the addition, nor should anything be done thereon which may be or become a nuisance or gross annoyance to the neighborhood, we think it necessarily implies that Mrs. Brackeen might carry on her beauty activities unless it is noxious or offensive, etc."

■ Here there would be no restriction against noxious or offensive activities merely by reason of the restriction to residential use. These activities would not necessarily arise by reason of a trade or business use of the premises. No limitation of the restriction to residential use would be implied by the inclusion in the restrictive covenant of paragraph 3 quoted previously.

■ The question to be determined here, therefore, is whether the use of a portion of the premises exclusively for a beauty parlor business constitutes a violation of the covenant. The trial court found that part of the garage had been converted into a beauty parlor and appellee testified that she was operating a beauty shop business in the garage and that if she could develop enough business, she intended to operate the beauty shop full time.

■ It is clear that it was the intention of the developers to restrict all lots in Vaccaro Manor, Section 2, to a residential

use. They are specifically designated residential lots. Only a single family dwelling and outbuildings "incidental to the residential use" of a lot can be constructed on it. The operation of a business is not a residential use of the house. Pardo v. Southampton Civic Club, Tex.Civ.App., 239 S.W.2d 141, error ref.

In Southampton Civic Club v. Couch, 159 Tex. 464, 322 S.W.2d 516, the Court said that if on retrial of the case it should develop that the dwelling house of a particular defendant is being used primarily as a residence for the owner, no injunction should issue against the incidental renting by the defendant of a room or rooms to others. The court also said that a defendant should be enjoined if he is operating a rooming or boarding house as a business, or is using his dwelling house primarily as a source of financial gain rather than as a residence for himself and his family. The court also cited cases as authority for the proposition that the use of premises as a residence with the incidental renting of a room does not constitute the operating of a rooming house.

This case stands for the proposition that the incidental renting of rooms in a dwelling house, not constituting the operation of a business, is a residential use of the premises. It does not therefore, control this case since the use of part of the premises as a beauty parlor is not a residential use.

Doctors and lawyers, from time to time, may find it necessary or convenient to see patients or clients in their homes and frequently discuss business matters over their home telephones. Business men may bring home papers for study or entertain customers at their places of residence. Salesmen may keep their samples at home, or their business vehicles may be stored there at night. Other uses may be made of a residence which might technically be considered a business use, but these activities, commonly carried on at the residence of business and professional peo-

ple, might well be considered residential uses where they are clearly incidental to the use of the house as a residence.

The use of a part of this house as a beauty parlor and the threatened continuation of this use as a full time occupation constitutes a violation of the restrictive covenant and the trial court erred in failing to enjoin such use.

The judgment of the trial court is reversed and judgment is here rendered enjoining Margaret Rougeou from operating a beauty parlor business at the premises described as Lot 28, Vaccaro Manor, Sec. 2, in the City of Stafford, Fort Bend County, Texas.