Ernest LEE, Appellant,

v.

Jim POWERS et al., Appellees.

No. 272.

Court of Civil Appeals of Texas.

Houston (14th Dist.).

Oct. 8, 1969.

Anthony J. Novelli, Timothy Jackson, Novelli & Jackson, Houston, for appellant.

Gerald H. Beckman, Houston, for appellees.

SAM D. JOHNSON, Justice.

The appellees, Jim Powers, et al, plaintiffs below, initiated this action to enforce by injunction certain restrictive deed covenants against the appellant, Ernest Lee. After the evidence was presented and both sides had rested, the court granted appellees' Motion for Directed Verdict and granted a permanent injunction restraining appellant from conducting any commercial or business ventures on the property in question. The defendant perfects appeal to this Court claiming there was evidence of waiver and laches on the part of plaintiffs and that the restrictions were not violated as a matter of law.

The following appears to have been established in the record. The property involved was residential property located in

a subdivision of the City of Houston, Texas, known as Edgewood, Section 10. The defendant purchased the lot in question in August, 1964, and owned the property which was covered by the deed restrictions (hereinafter set forth) at all material times. After purchasing and moving onto the property the defendant began openly operating a plumbing business from an outbuilding thereon which was his sole source of income. The original suit to enjoin the appellant's use of the property was filed on September 30, 1965, though service thereon was not obtained until March 9, 1968.

In the first point of error defendant contends that the court erred in rendering judgment for the plaintiffs in that there were fact issues to be submitted to the jury on the defense of laches, acquiescence and waiver. Defendant contends that he was unaware of any deed restrictions when he purchased the property and remained unaware of them until a number of months later. Defendant contends that there was no effort to enforce the restrictions and that there was an unreasonable delay in filing the suit and in effecting service thereon. He contends that these factors and the apparent acquiescence on the part of plaintiffs resulted in substantial injury to him in that they led him to spend money in advertising his business and in beginning construction of a new building on his property, which was substantially completed, to further implement his business.

The record first indicates that there was a reference to the deed restrictions on the warranty deed to the defendant. The restrictions are of record and the defendant cannot avoid the constructive notice that accompanies recordation. In addition, after the defendant purchased and moved into the house on the property in question, at least four different individuals from the subdivision personally contacted him to inform him of the violation and its consequences. Each of these individuals were members of a local Deed Restriction Committee who undertook this responsibility for the entire subdivision.

They talked with the defendant for the specific purpose of advising him of his violation and appraising him of its consequences. Still further, a notice letter relative to the violation and its consequences was mailed to the defendant on December 1, 1964. This letter was written by an attorney for the Deed Restriction Committee. It advised the defendant of his violation and advised that a lawsuit would be filed if he did not immediately comply with the restrictions.

The record contains no evidence which would indicate an abandonment of the general scheme of development or protection of the area. There was testimony of only one other operating business in the entire subdivision. This business was quite different from, and arose after, the appellant's. Such business was not readily apparent and affirmative steps toward its prohibition were taken. Beyond this there is no evidence in the record of any significant violation within the very large restrictive area which would establish waiver.

Appellant strongly asserts that the silence of the appellees and their delay in filing and effecting service on the suit filed was unreasonable and resulted in substantial injury to the appellant. Appellant contends that this injury was occasioned in that he expended substantial sums of money in advertising his business and in the construction of a building on his property which was to be used in his business.

The burden of establishing the defense of laches was upon the defendant. He had the burden to evidence acquiescence in prior violations of other individuals if reliance was to be placed thereon. Allen v. Winner, Tex.Civ.App., 389 S.W.2d 599, ref., n. r. e. As indicated, acquiescence in prior violations of others has not been shown so as to sustain the defensive plea of waiver. Allen v. Winner, supra; Stewart v. Welsh, 142 Tex. 314, 178 S.W.2d 506 (1944); Cowling v. Colligan, 158 Tex. 458, 312 S.W.2d 943 (1958). We believe the record indicates a positive attempt to prohibit commercial encroachment in the sub-

division. Beyond the constructive notice the record indicates that the defendant was personally informed of the existence of the restrictions. In addition, he was informed of his violation of the restrictions in a most certain and positive manner. The letter, which followed at least one of the personal contacts, was written within four months of the date that the defendant occupied the premises. There is nothing in such actions that could have in any way misled the appellant into believing that his violation would not be vigorously opposed. These facts are unlike those in Barksdale v. Allison, Tex.Civ.App., 210 S.W.2d 616, where there was a misleading of the property owner. Here there was no misleading. The letter stated the suit *would* be filed if the appellant did not comply. There was no compliance and the suit was filed. There is nothing in the record which would enable the appellant to escape the knowledge and the admonition which was so directly and specifically communicated to him.

The actions of the appellant find no external support in acquiescence in the violations of others and they cannot be construed other than as a deliberate invasion of others' rights with full knowledge of the facts. Under such circumstances the "utmost diligence" is not required. Allen v. Winner, supra, 389 S.W.2d at p. 600; Davis v. Hinton, Tex.Civ.App., 374 S.W.2d 723, ref., n. r. e.; Arrington v. Cleveland, Tex.Civ.App., 242 S.W.2d 400, writ ref.

■ Defendant's second point of error contends that the restrictive covenant does not prohibit the complained of activity as a matter of law. The applicable paragraph is as follows:

"Each lot shall be known and described as a residential lot and shall be used and occupied only by and for a single family dwelling and only one dwelling shall be erected on any one lot. No part or portion of any dwelling, garage, servants quarters, building, shed or other portion of any such residential lot in Edgewood Addition, Section 10 shall be used for business, professional, commercial, fraternal or vocational purposes or for public, religious or political or public meetings of any kind or character. Such prohibited uses shall include, but not be limited to, a beauty parlor, barber shop, radio shop, television shop, a work or repair or mechanical shop, place or area of any kind, or for repair or carpenter work or for vocational, professional or any kind of business office or for a clinic or rest home, a boarding house or a restaurant or public eating place, or for any purpose or activity which causes odors or noises which may be or are objectionable to any persons residing in Edgewood Addition, Section 10. Nothing shall be done or permitted upon any lot in Edgewood Addition, Section 10 which may be or does become an annoyance or a nuisance to any person and/or persons residing in said Edgewood Addition, Section 10. No duplexes, hospitals or other multiple dwelling units can be constructed or occupied in said Edgewood Addition, Section 10."

Defendant asserts that where the restrictive covenant limits property to single family residential use but in the same paragraph specifies designated trades, activities or purposes which are forbidden then the general restriction must yield to the specific. In the instant case the ambiguity referred to in Baker v. Brackeen, Tex.Civ.App., 354 S.W.2d 660, no writ hist., is not present. Here the stated purpose of single family residential occupancy is first set forth. What follows is stated in the disjunctive. It is a general description of additionally prohibited activity. The prohibited uses "shall include but shall *not be limited to*" (emphasis added) certain itemized activities. Vaccaro v. Rougeou, Tex. Civ.App., 397 S.W.2d 501, ref., n. r. e. Defendant's second point of error is overruled.

The judgment of the trial court is affirmed.