Dolly DAVIS, Appellant,

v.

CITY OF HOUSTON, Appellee.

No. 01–93–00063–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 24, 1993.

Rehearing Denied Jan. 6, 1994.

Harold Lloyd, Houston, for appellant.

Benjamin L. Hall, III, Ilizabeth A. Henry–Robertson, Houston, for appellee.

Before DUGGAN, HUTSON–DUNN and ANDELL, JJ.

## OPINION

ANDELL, Justice.

In this case we are asked to construe deed restrictions to determine whether the term "dwelling" limits a property to residential use. We hold that it does.

This is an appeal from a permanent injunction. Appellee, City of Houston, sued to enforce deed restrictions, claiming its authority to do so under TEX.LOCAL GOV'T CODE ANN. § 230.003 (Vernon 1988), and under City of Houston Code of Ordinances, art. I, § 41–9. In a nonjury trial, the court permanently enjoined appellant, Dolly Davis, from operating a hair salon on residential premises in violation of the deed restrictions of her subdivision. In five points of error, Davis contends that the City had no authority to bring the suit, and that the trial court erred in construing the term "dwelling" to limit the premises to residential use. We affirm.

Davis purchased the property that is the subject of this lawsuit in 1984, and has operated a beauty salon on the premises from that year until the City brought this suit in 1992. The property is in the Shepherd Forest subdivision and is subject to deed restrictions. Davis admits to operating a hair salon on the premises, and the facts show that she had both actual and constructive knowledge of the deed restrictions. Davis does not live on the premises; neither does anyone else. Davis does not challenge the facts, but only the construction and applicability of the deed restrictions and of the statute and ordinance under which the City of Houston brought its suit.

In points of error one and five, Davis challenges the City's authority to bring this enforcement action, claiming that the City failed to meet the requirements of TEX.LOCAL GOV'T CODE ANN. § 230.001 (Vernon Supp. 1993). We construe this as a challenge to the City's capacity to enforce deed restrictions. Davis failed to raise these complaints in the trial court. Hence, she has failed to preserve error and has waived her right to complain of these issues on appeal. *PGP Gas Products, Inc. v. Fariss,* 620 S.W.2d 559, 560 (Tex.1981); TEX.R.APP.P. 52(a). Because Davis has waived any error on these issues, we need not address points one and five.[1]

■ In points of error two, three and four, Davis argues that the trial court erred in construing the word "dwelling" in the deed restrictions to impose a residential use limitation on the premises. Davis has not asserted that the term "dwelling" is ambiguous in the deed restrictions. The construction of unambiguous deeds is a question of law for the court. *Luckel v. White,* 819 S.W.2d 459, 461 (Tex.1991); *Altman v. Blake,* 712 S.W.2d 117, 118 (Tex.1986).

■ The deed restrictions in the present case contain the following covenant paragraph:

> [R]estrictions, easements, covenants, and conditions which shall *affect the use* of said property are as follows:
>
> (1) No structure shall be erected, altered, placed or permitted to remain on any lot or other building plot other than one detached *single family dwelling* and a private garage for not more than two cars and other out-buildings *incidental*

1. Standing is a party's justiciable interest in the suit, and is a jurisdictional matter that may not be waived. *Texas Ass'n of Business v. Texas Air Control Bd.,* 852 S.W.2d 440, 443, 445–46 (Tex. 1993). Capacity is a party's legal authority to sue or be sued. *See, e.g., Group Medical & Surgical Serv. v. Leong,* 750 S.W.2d 791, 795 (Tex. App.—El Paso 1988, writ denied) (observing difference between issues of standing and capacity). Davis is not challenging standing, and she has waived her right to challenge capacity. Therefore, we need not address either standing or capacity.

*to residential use,* other than as specifically set forth herein.

(Emphasis added.)

The covenant paragraph quoted above is sufficient to state a residential use restriction for the property. In addition, paragraph (15) in the same list states that some other properties in the same subdivision will be set aside for commercial use:

> (15) Lots designated "Reserved for Commercial Use" on the recorded plat are reserved for retail business, professional offices and service use only, and any structure on these lots, or any use of these lots shall comply with Covenant Nos. Two(2) and Five(5) hereinabove.

The lots that were "Reserved for Commercial Use" did not have to comply with covenant number one, which is the restriction to a single family dwelling. Davis does not contend that her lot is one of those reserved for commercial use. Covenant number one restricts her property to being used for residential purposes and it precludes her from operating a business therein. Davis' contention that the term "dwelling" means only that the structure must be *built* for residential purposes but may be *used* for commercial purposes, is not a reasonable interpretation of the deed restrictions.

Davis directs us to *Permian Basin Centers for MHMR v. Alsobrook,* 723 S.W.2d 774 (Tex.App.—El Paso 1986, writ ref'd n.r.e.), as support for her contention that the term "single-family dwelling" does not restrict the property to residential use. *Permian,* however, involved the question whether deed restrictions would allow the operation of a residential family home for six mentally-retarded adults, who lived together "as a single housekeeping unit." *Id.* at 774. The court held that such a use was allowed because it was a residential use. *Id.* at 777. This case is unlike *Permian* because it involves a commercial use. Thus, *Permian* does not control. The same is true of *Collins v. City of*

*El Campo,* 684 S.W.2d 756 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.), on which Davis relies.

Nor does *Southampton Civic Club v. Couch,* 159 Tex. 464, 322 S.W.2d 516 (Tex. 1958) control, in which the Court held that the renting of a room in a family home did not violate a restriction against multi-family housing. The Court was not presented with a situation where the house was used exclusively, or even primarily, for commercial activities. Yet the Court stated that if a landowner subject to the same restrictions as Couch were found to be "operating a rooming or boarding house on his premises *as a business* ... that activity should be enjoined." *Id.* at 520 (emphasis added). Thus, the holding in *Couch* supports the City of Houston.

We find *Davis v. Hinton,* 374 S.W.2d 723 (Tex.Civ.App.—Tyler 1964, writ ref'd, n.r.e.), to control this case. Davis operated a bookkeeping business on premises restricted to residential use and did not live there. The relevant paragraph from the deed restrictions in *Davis* is similar to that in the present case.[2] Reasoning that bookkeeper Davis' commercial activities on the premises were not merely incidental to the use of the premises as a "single family dwelling or residence," the court held that he was in violation, and it affirmed the injunction. *Id.* at 727–28. Like the appellant in *Davis v. Hinton,* Davis does not live on the premises. The operation of her beauty salon is not incidental to her residential use of the property.

This Court agrees with the trial court's construction of the word "dwelling" to mean residential use. This is its ordinary meaning. *See Citizens Active in San Antonio v. Board of Adjustment,* 649 S.W.2d 804, 806 (Tex.App.—San Antonio 1983, no writ) ("[T]he word ['dwelling'], in its ordinary meaning, refers to a building used for human habitation"); *see also* BLACK'S LAW DICTIO-

---

2. The *Davis* restriction stated:

> 1. All lots in the Tract shall be known and described as residential lots. No structure shall be erected, altered, placed or permitted to remain on any residential building plot other than the 1 detached *single-family dwelling*

> not to exceed two stories in height and a private garage for not more than two cars and other necessary out-buildings incidental to *single family use* [.]

*Id.* at 725 (emphasis added).

NARY 454 (5th Ed.1979) ("house or other structure in which a person or persons live; a residence; abode; habitation"). This construction of the term "dwelling" is consistent with other phrasing in the deed restrictions. The trial court was correct in finding that Davis' commercial hair salon operation was in violation of the deed restrictions. We overrule points of error two, three, and four.

The judgment is affirmed.