**Affirmed and Memorandum Opinion filed October 24, 2019.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-18-00329-CV

---

## DARYL BARNES, Appellant

### V.

## HARRIS COUNTY, TEXAS, CHRIS DANIEL, WILLIE FRAZIER, DEE THOMAS, STAN STEWART, MARIA DE LA ROSA, AND DERYK FIELDS, Appellees

---

**On Appeal from the 164th District Court
Harris County, Texas
Trial Court Cause No. 2016-14432**

---

## MEMORANDUM OPINION

Appellant Daryl Barnes filed suit for claims apparently arising from events occurring in May 2009 and later. Defendants Harris County, Texas Chris Daniel, Willie Frazier, Dee Thomas, Stan Stewart, Maria De La Rosa, and Deryk Fields

(collectively "appellees") moved to dismiss the suit. The trial court granted the motion. Appellant filed a *pro se* notice of appeal.[1]

Appellees' titled their motion as a "Motion to Dismiss Baseless Cause of Action Pursuant to Rule 91A." The motion alleged the claims filed against them had no basis in law or in fact. *See* Tex. R. Civ. P. 91a. Appellees also asserted they were protected from suit by governmental immunity. Specifically, appellees argued none of appellant's claims fall within the Texas Tort Claims Act's ("TTCA") limited waiver of immunity. Further, appellees claimed appellant's suit is a collateral attack on a final judgment signed September 4, 2014.

Initially, we note the portion of the motion claiming immunity is, in fact, a plea to the jurisdiction. Generally, we consider a motion based on its substance not its title. *Sierra Club v. Tex. Comm'n on Env'l. Quality*, 188 S.W.3d 220, 222 (Tex. App.—Austin 2005, no pet.). A plea to the jurisdiction is not necessarily a particular procedural vehicle. *Texas Dep't of Criminal Justice v. Simons*, 140 S.W.3d 338, 349 (Tex. 2004). It is the substance of the argument—that the suit should be dismissed for want of jurisdiction—and not the vehicle used that is determinative. *Id.* Immunity from suit defeats a trial court's subject matter jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 225–26 (Tex. 2004); *Vill. of Tiki Island v. Premier Tierra Holdings Inc.,* 555 S.W.3d 738, 744 (Tex. App.—Houston [14th Dist.] 2018, no pet.). Thus, we treat appellant's claim that it is immune from suit as a plea to the jurisdiction. *Simons*, 140 S.W.3d at 349.

---

[1] Demeatrice Goff was also a plaintiff in the suit. However, Goff did not sign Barnes' notice of appeal or file her own notice of appeal and therefore is not a party to this appeal. *See* Tex. R. App. P. 9.1(b) ("A party not represented by counsel must sign any document that the party files[.]"); *see also Paselk v. Rabun*, 293 S.W.3d 600, 606 (Tex. App.—Texarkana 2009, pet. denied) ("While a layperson has the right to represent themselves, a layperson does not have the right to represent others.").

Whether a trial court has subject matter jurisdiction is a question of law we review de novo. *Lone Star Coll. Sys. v. Immigration Reform Coal. of Tex. (IRCOT)*, 418 S.W.3d 263, 267 (Tex. App.—Houston [14th Dist.] 2013, pet. denied). We construe motions to dismiss for lack of jurisdiction as pleas to the jurisdiction. *See id*. Our analysis of a plea to the jurisdiction begins with a review of the pleadings to determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause. *Miranda*, 133 S.W.3d at 226. We construe the pleadings liberally in favor of the plaintiffs, look to the pleader's intent, and accept as true the factual allegations in the pleadings. *Id*. The allegations found in the pleadings may affirmatively demonstrate or negate the court's jurisdiction. *City of Waco v. Kirwan*, 298 S.W.3d 618, 622 (Tex. 2009). Here, appellees' motion to dismiss stands on the pleadings. Accordingly, we cannot affirm the trial court's ruling for lack of subject-matter jurisdiction if appellant has alleged facts that affirmatively demonstrate the trial court's jurisdiction over his claims. *See Kirwan*, 298 S.W.3d at 622.

Appellant filed his suit under the TTCA. His suit is against a governmental unit and its employees. Appellant's pleadings are related to those employees' official duties. A governmental unit must waive its governmental immunity from suit before a claimant can proceed on a claim against it. *Prairie View A.&M Univ. v. Brooks*, 180 S.W.3d 694, 705 (Tex. App—Houston [14th Dist.] 2005, no pet.). Government employees are entitled to official immunity when sued in their individual capacity for official acts. *Alamo Workforce Dev., Inc. v. Vann*, 21 S.W.3d 428, 434 (Tex. App.—San Antonio 2000, no pet.). Governmental immunity from suit defeats a trial court's subject matter jurisdiction. *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 637 (Tex. 1997) (per curiam). Thus, appellant was required to plead facts that

affirmatively demonstrated immunity was waived as to the defendants named in this suit.

There are no facts in appellant's pleadings demonstrating waiver of immunity. On appeal, appellant does not argue the trial court could not have dismissed his tort claims on that basis. By failing to challenge one possible ground of the trial court's ruling, appellant has waived any error by the trial court in dismissing his claims. *See Ollie v. Plano Indep. Sch. Dist.*, 383 S.W.3d 783, 790–91 (Tex. App.—Dallas 2012, pet. denied); *Britton v. Tex. Dep't of Criminal Justice*, 95 S.W.3d 676, 681–82 (Tex. App.—Houston [1st Dist.] 2002, no pet.); *see also Davison v. Plano Indep. Sch. Dist.*, No. 05-12-01308-CV, 2014 WL 1018212, at *5 (Tex. App.—Dallas Feb. 20, 2014, no pet.) (mem. op.) ("Because [appellant] d[id] not challenge the sustaining of the jurisdictional plea on the ground that her claims did not allege a waiver of immunity under the TTCA, she ... waived any error by the trial court in dismissing her tort claims against appellees, and the decision to dismiss her tort claims must be affirmed.").

Appellant makes several complaints of procedural errors:

- Did the trial court err in allowing the motion to dismiss to be heard after the sixty-day period provided for in Rule 91a.3(a)?[2]

- Did the trial court err in granting the motion to dismiss in violation of Rule 91a.3(b)?[3]

- Did the trial court err in allowing the motion to dismiss to be filed without verification as required by Rule 93?

---

[2] Rule 91a.3(a) provides that a motion to dismiss must be "filed within sixty days after the first pleading containing the challenged cause of action is served on the movant" Tex. R. Civ. P. 91a.3(a).

[3] Rule 91a.3(b) states that a motion to dismiss must be filed at least 21 days before the motion is heard. Tex. R. Civ. P. 91a.3(b).

Having upheld the trial court's ruling as a plea to the jurisdiction, it is unnecessary to address appellant's complaints that the trial court failed to comply with Rule 91a.

In his brief under this issue, appellant also argues, "The defendants Notice of Hearing what he referred to as defendants second amended Notice of Hearing was filed amended notice of March 20th 2018 giving the plaintiffs in the cause of action three days' notice to respond." [sic] The record before this court does not contain a notice filed March 20, 2018. There are no record references or citations to authority that would support a determination by this court that the trial court erred or that any error is reversible. *See* Tex. R. App. 38.1(i). Accordingly, this contention is waived.

Lastly, appellant asserts the motion to dismiss had to be verified in accordance with Rule 93. *See* Tex. R. App. P. 93(1). Rule 93(a) provides:

> A pleading setting up any of the following matters, unless the truth of such matters appear of record, shall be verified by affidavit.
>
> 1. That the plaintiff has not legal capacity to sue or that the defendant has not legal capacity to be sued.

*Id.* Appellant's brief argues:

> 93(1) That the plaintiffs has not legal capacity to be sued or that the defendant has not legal capacity to be sued. The defendants in their Motion to Dismiss argue the Governmental/ Corporate entitiy that is Harris County has immunity there by setting the argument in motion as to Harris Counties the Governmental/ Corporate entitiy has legal capacity to be sued ...a question of law [sic]

Appellant's argument, as we understand it, is that appellees' assertion of immunity is a pleading that "the defendant has not legal capacity to be sued." Appellant cites no authority, and we are aware of none, equating capacity with immunity. *See* Tex. R. App. 38.1(i). Capacity is a party's legal authority to go into court and prosecute or defend a suit. *Davis v. City of Houston*, 869 S.W.2d 493, 494 n. 1 (Tex. App.—Houston [1st Dist.] 1994, writ denied). Lack of capacity to sue or

be sued must be challenged via verified plea in the trial court, or it is waived. *Pledger v. Schoellkopf*, 762 S.W.2d 145, 146 (Tex.1988). The failure to file a verified denial does not waive immunity as an affirmative defense when the record affirmatively demonstrates the government's assertion that immunity protects the defendant from suit. *Petta v. Rivera*, 923 S.W.2d 678, 684 (Tex. App.—Corpus Christi 1996, writ denied); *accord Texas S. Univ. v. Araserve Campus Dining Servs. of Tex., Inc.*, 981 S.W.2d 929, 935 (Tex. App.—Houston [1st Dist.] 1998, pet. denied) (concluding TSU did not waive its right to assert immunity when its answer and plea to the jurisdiction stated the court was without jurisdiction absent a showing of waiver of the doctrine of sovereign immunity). Appellant's complaint is overruled.

In light of our determination, it is unnecessary to address appellant's remaining issues. The judgment of the trial court is affirmed.

/s/　　Margaret "Meg" Poissant
　　　　Justice

Panel consists of Justices Christopher, Hassan, and Poissant.